(83 South. 53)

McFOUNTAIN, Judge of Probate, v. STATE ex rel. RUSSELL, Sheriff.
(1 Div. 98.)

(Supreme Court of Alabama. June 19, 1919. Rehearing Denied Oct. 3, 1919.)

1. SHERIFFS AND CONSTABLES ☞29 — GENERAL STATUTE FIXING FEES EXCEPT AS MODIFIED BY SPECIAL LAW.

Since Code 1907, § 6638, deals with sheriff's fees and allowances in criminal cases generally, while section 6655 deals specifically with officer's fees in transactions before the county court, and since there is a field for the operation of both sections, the former must be construed as fixing the sheriff's fees for arrests generally, taking bonds, etc., except in cases specially provided for by the latter section.

2. SHERIFFS AND CONSTABLES ☞29—GENERAL STATUTE NOT AFFECTED AS TO FEES IN CRIMINAL CASES.

Acts 1911, p. 41, in no wise amends or repeals Code 1907, § 6655, as to sheriff's fees and allowances in criminal cases generally, but is directed to section 6638.

3. SHERIFFS AND CONSTABLES ☞29—AMENDMENT OF STATUTE CHANGING METHOD OF COMPENSATION.

Acts 1915, p. 603, amending Code 1907, §§ 6655, 6656, does not change the amount of sheriff's fees provided by said sections, but merely changes the method of compensating the judge of the county court by paying him a fixed salary instead of fees.

4. SHERIFFS AND CONSTABLES ☞29—REPEAL OF LOCAL ACT AS TO SHERIFF'S FEES IN NAMED COUNTY.

Loc. Acts 1907, p. 36, was repealed by Acts 1915, p. 862, re-establishing county courts, in view of section 6, providing that "all laws, whether local, general or special, in conflict with the provisions of this act," are repealed; but, if such were not the case, it would, in so far as sheriff's fees in county court of Monroe county are concerned, be repugnant to Const. 1901, § 96, as to Legislature not enacting any law regulating fees not applicable to all counties in the state.

5. SHERIFFS AND CONSTABLES ☞37, 38—FEES FOR SERVING WARRANT AND TAKING BAIL.

Under Code 1907, § 6638, as amended by Acts 1911, p. 41, and section 6655, as amended by Acts 1915, p. 603, sheriff of Monroe county was entitled to a fee of only $1 for serving warrant returnable to county court in petit larceny case, and 50 cents for taking and approving bail bond in said court; the compensation fixed by Acts 1915, p. 862, § 9, not applying in Monroe county.

Appeal from Circuit Court, Monroe County; Ben D. Turner, Judge.

Mandamus by the State, on the relation of T. W. Russell, as Sheriff of Monroe County, to compel M. McFountain, as Judge of Probate and ex officio Judge of the County Court of Monroe County, to prepare a proper bill of costs in the case of State v. George Gandy, and make his bill of costs in accordance with the prayer of the petitioner. From a judgment overruling demurrers to the petition, the Judge appeals. Reversed and remanded.

The case made by the petitioner is that Russell is the duly elected sheriff of Monroe county, and that M. McFountain is the probate judge of Monroe county, and by virtue of his office is judge of the county court of Monroe county, but one George Gandy was charged under proper affidavit and warrant with petit larceny, said warrant being returnable to said county court; that relator in his official capacity arrested said Gandy under said warrant, and after the arrest admitted said Gandy to bail as provided by law, conditioned on his appearance at the next term of the county court of Monroe county; that at the time the case was regularly set for trial said Gandy appeared, and after the case was heard by the court it was ordered and adjudged that the same be nol. prossed upon the payment by the defendant of the cost; that the said judge proceeded to make out the bill of costs and issue execution thereon, allowing relator the sum of $1 for serving the warrant or writ of arrest and only 50 cents for taking and approving bail bond in said court.

Relator avers that under section 6638, Code 1907, as amended by Acts 1911, p. 41, relator, as sheriff, is entitled to the sum of $2 making

said arrest and the sum of $1 for taking and approving said bond, while the judge contends that in all misdemeanor cases, prosecuted and disposed of in the county court, relator is entitled under section 6655, Code 1907, to the sum of $1 for making arrest and only 50 cents for taking and approving bail bond, and as such judge he refuses to correct the bill of costs and to allow relator proper fees for the services rendered.

The demurrer asserts that it affirmatively appears from the petition that relator is not entitled to the fees claimed; that it affirmatively appears from the petition. that the relator has been allowed the fees authorized by law in such cases. It affirmatively appears from the petition that section 6638, Code 1907, as amended by Gen. Acts 1911, p. 41, has no application to criminal cases tried in the county court of Monroe county.

Barnett, Bugg & Lee, of Monroeville, for appellant.

Hybart, Hare & Ratcliffe, of Monroeville, for appellee.

PER CURIAM. [1] Section 6638 of the Code of 1907 deals with sheriff's fees and allowances in criminal cases generally, while section 6655 deals specifically with officer's fees in transactions before the county court. These two sections, appearing in the Code as they do, should be so construed as to give each of them a field of operation, if it be practicable and reasonable to do so. Pritchard v. Fowler, 171 Ala. 662, 55 South. 147; City of Montgomery v. Wyche, 169 Ala. 181, 53 South. 786. There is a field of operation for both sections, and section 6638 must be construed as fixing the sheriff's fees for arrests generally, taking bonds, etc., except in cases specially provided for by section 6655. "Generalibus specialia derogant."

[2] So the question is: Has section 6655 of the Code been so amended or repealed as to change the fees there provided as to arrests upon prosecutions in the county court? Acts 1911, p. 41, in no wise amends or repeals section 6655 of the Code. It is directed to section 6638, and does not specifically deal with county court fees as fixed by said section 6655.

[3] Acts 1915, p. 603, amending sections 6655 and 6656 of the Code of 1907, does not attempt to change the amount of fees or charges, but merely requires the same to be paid into the county treasury, and for the payment to the judge of the county court a fixed compensation per year in lieu of fees.

It is true that this act purports upon its face to make all fees collectable under sections 6655 and 6656 payable into the county treasury; but we think it was intended only to apply to all fees for services performed by "the county court or by the judge of said court," and not for the fees taxed for other services and which go to other officers. It is evident that it was the intent of the Legislature to merely change the method of compensating the judge of the county court by paying him a fixed salary, instead of fees out of the treasury, and to require the fees earned by him to go into the treasury, and just as they went under the last part of section 6655. It could not have been the legislative purpose to direct the sheriff's fees into the treasury without making some provision for the payment of same, or any sum, in lieu thereof. There is nothing in this act to change the amount of his fees provided by these sections, or dispensing with the taxation or collection of same, so as to authorize the application of other fee bill sections to county courts, and the Legislature could not have intended to make the sheriff's fees go into the treasury and in effect deprive him of same altogether.

The compensation as fixed by section 9 of Acts 1915, p. 862, subd. 3, confines said section in its operation only to counties falling within the class there defined and to which Monroe county does not belong. Thomas v. State, 77 South. 35;[1] State ex rel. Garrett v. Torbert, 77 South. 37.[2] See opinions on rehearing. Section 9 of this act, however, clearly indicates that the Legislature did not think that section 6638 covered fees in the county court, for if it entertained such an opinion there would have been no occasion for giving the sheriffs in the counties there dealt with the same fees fixed by law for similar services in the circuit court.

[4] Local Acts 1907, p. 36, was repealed by section 6 of Acts 1915, p. 864. Moreover, if such were not the case, it would, in so far as the fees in question are concerned, be repugnant to section 96 of the Constitution of 1901.

[5] The trial court erred in not sustaining respondent's demurrer to the petition for mandamus, and the judgment is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.

[1] 200 Ala. 661.          [2] 200 Ala. 663.