(92 South. 425)

**WALDROP, Clerk, v. HENRY, Treasurer.**
**(6 Div. 591.)**

(Supreme Court of Alabama. Jan. 12, 1922.)

1. Clerks of courts ⚌35—County clerk held entitled to fee for receipt issued in execution of Dog Tax Law.

Under Loc. Acts 1915, p. 374, § 1, fixing the salary of the circuit clerk of Jefferson county at $3,600, and section 2, providing that, if the act went into effect, "fees now authorized to be collected and retained by the several officers" should be paid into the county treasury, the circuit clerk is entitled, individually, to all receipt fees authorized to be collected by him under Gen. Acts 1919, p. 1077, in execution of the Dog Law, the purpose of the fee being to recompense the circuit clerk for the services required by the act, the Act of 1915 applying only to fees then payable.

2. Officers ⚌100(2)—Amendment held to exempt officers of certain county from constitutional provision as to change of salaries by Legislature.

The Jefferson county salary amendment (Gen. Acts 1911, p. 47), providing that the Legislature may by general or local laws regulate and alter allowances or salaries to be charged or received by any county officer of Jefferson county, exempted that county and its officers from the limitations of Const. 1901, § 96, providing that the Legislature shall not enact any law not applicable to all the counties in the state regulating costs and charges of courts, fees, and commissions and allowances of public officers.

Appeal from Circuit Court, Jefferson County; Dan A. Greene, Judge.

Action by M. V. Henry, as Treasurer of Jefferson County, against William J. Waldrop, as Clerk, to recover of him the dog tax fees received and retained by the clerk. Judgment for the plaintiff, and the defendant appeals. Reversed and rendered.

Ellis & Matthews, of Birmingham, for appellant.

The fees retained were the property of the clerk of the circuit court. Acts 1919, p. 1077; 10 Ala. App. 639, 65 South. 706; 63 Fla. 425, 58 South. 785; 4 Ala. App. 279, 58 South. 944; 5 Ala. App. 259, 59 South. 737; 61 Ala. 232; 62 Ala. 39.

John P. McCoy, of Birmingham, for appellee.

Brief of counsel did not reach the Reporter.

McCLELLAN, J. Section 9 of the act approved September 30, 1919 (Gen. Acts 1919, pp. 1077–1079), authorized the circuit clerk "to collect a fee of $.25 [cents] for each receipt issued" by him in execution of the so-called Dog Law; and the unmistakable purpose was to compensate the circuit clerk "for the services required by this act [i. e., Dog Law] to be rendered" by him, through this fee. The title to this act, assuming to state its general design as well as some of its particular provisions, contains this confirmatory expression in reference to the compensation of the circuit clerk:

" * * * And to provide for compensating the circuit clerk for his services as required herein."

It is therefore manifest that, unless some other law intervened or intervenes to thwart or to alter, through construction, the effect of this latest declared legislative purpose, the circuit clerk, individually, is entitled to all the "receipt fees" he was authorized to collect under section 9 of the "Dog Law."

[1] Did the local act approved September 14, 1915 (Local Acts 1915, pp. 374, 375), whereby the Jefferson county salary amendment to the Constitution of 1901 (Gen. Acts 1911, p. 47) was carried into effect, operate, through construction or otherwise, to characterize as public funds the proceeds of such "receipt fees," collected under the subsequently enacted "Dog Law" by the Jefferson county circuit clerk, and thereby require their payment into the Jefferson county treasury in obedience to the provisions of section 2 of the Local Act of 1915, supra, which reads:

"That when this act goes into effect, the cost, charges of courts, fees and commissions now authorized by law to be collected and retained by the several officers of Jefferson county above named, shall continue to be collected, but shall be paid into the county treasury by the officer collecting the same, as other moneys belonging to the county are paid."

[2] The Jefferson county salary amendment to the Constitution of 1901 became a

part of the Constitution on November 16, 1912. Seay's Comp. Amendments to the Constitution, p. 3. That amendment is as follows:

"The Legislature of Alabama may hereafter, from time to time, by general or local laws, fix, regulate and alter the costs, charges of courts, fees, commissions, allowances or salaries to be charged or received by any county officer of Jefferson county, including the method and basis of their compensation."

At least one effect of this amendment was to exempt Jefferson county and its officers from the limitations prescribed by section 96 of the Constitution of 1901, and, in consequence, to justify the Legislature in exercising its continuing discretion in providing for the compensation of the officers within the definition of that amendment to the Constitution. Like considerations, resulting from the adoption of the Jefferson county salary amendment, exempt the local act carrying it into effect from other limitations in the original organic law of 1901. So the inquiry now presented is one of statutory construction, not of constitutional validity.

The legislative intent, expressed in 1919, with respect to the "receipt fees" collected under section 9 of the Dog Law, has been stated.

Section 1 of the local act of 1915 fixed the circuit clerk's compensation at an annual salary of $3,600.

Section 2 of the local act affirmatively restricts the act's application, direction, and operation to fees, etc., "now authorized to be collected and retained by the several officers of Jefferson county above named," among whom the circuit clerk is mentioned. The quoted expression from section 2 had reference to the collectable fees, etc., then, in 1915, authorized by law to be exacted or received. That act neither had nor has any reference to fees, etc., later, in 1919, authorized to be collected for new and different services to be rendered by the circuit clerk in the administration of the subsequently enacted law. There was therefore no conflict or other inconsistency between the provisions of the local act of 1915 and the additional compensation, through "receipt fees," authorized by section 9 of the "Dog Law" to be collected by the circuit clerk for the new and different services thereby imposed upon the circuit clerks.

This view did not prevail on the trial of appellee's action in assumpsit to recover of appellant "receipt fees" collected by him in administering the "Dog Law." The judgment against appellant is reversed. A judgment will be here entered for the defendant, appellant.

Reversed and rendered.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.