(93 South. 540)

## JEFFERSON COUNTY v. WALDROP, Circuit Clerk. (6 Div. 670.)

(Supreme Court of Alabama. June 1, 1922.)

**Clerks of courts ⊕⇒35—Clerk of circuit court of Jefferson county entitled to fees under Dog Law, though services performed by salaried deputies.**

The circuit court clerk of Jefferson county was entitled to fees collected for issuance of registration receipts under the Dog Law of 1919 (Gen. Acts, 1919, p. 1077) though the services were rendered under his supervision by deputies who received salaries from the county, notwithstanding Local Acts 1915, p. 374, fixing salaries of officers of that county.

Gardner, Somerville, and Miller, JJ., dissenting.

Appeal from Circuit Court, Jefferson County; Dan. A. Greene, Judge.

Action by William J. Waldrop, Circuit Clerk, against the County of Jefferson on the

common counts. Judgment for plaintiff, and defendant appeals. Affirmed.

Appeal by Jefferson county from the judge of the circuit court awarding to the appellee, circuit clerk of said county, certain fees collected by him under the Dog Law of 1919. Gen. Acts 1919, p. 1077. These fees were paid by the clerk into the county treasury, but through mistake, by one of the deputies, and the circuit clerk brought suit upon common counts, money had and received, to recover the same after having filed his claim with the board of revenue, as provided by law, and the claim was disallowed.

The agreed statement of facts shows, in substance, that the plaintiff had been, since January, 1917, clerk of the circuit court for the Tenth judicial circuit, and had received the salary provided by law, and that as such clerk he registered 14,570 dogs, as provided by the Acts of 1919, supra, and that from each owner of a dog so registered he collected a fee of 25 cents for the issuance of receipt as provided by the act, and that the total amount so collected was the sum here sued for; that thereafter the deputy clerk in his office paid this money into the treasury of Jefferson county; that the clerks in his office performed the labor incident to such registration, said clerk having been furnished 36 deputies under the provisions of section 3 of the Local Act of 1915 (Loc. Acts 1915, p. 374), and that such clerks received their salaries from Jefferson county, and that the work was done by the deputy clerks under the supervision of plaintiff.

W. K. Terry, of Birmingham, for appellant.

The act is remedial, and should be liberally construed. Local Acts 1915, p. 374; Lewis' Sutherland, Stat. Const. (2d Ed.) § 582; 25 R. C. L. 252 et seq. The adverb "now," as used, in section 2 of the local act did not have the effect to restrict the right of the county to fees authorized at that time. 145 Mo. 466, 41 S. W. 1097; 46 S. W. 976, 42 L. R. A. 686; 68 Am. St. Rep. 575; 20 Kan. 390.

Ellis & Matthews, of Birmingham, for appellee.

The act applied only to fees, etc., authorized at that time to be collected. Local Acts 1915, p. 374; Waldrop v. Henry, ante, p. 128, 92 South. 425. A general law repeals by implication a prior local law in conflict therewith. 10 Ala. App. 639, 65 South. 706; 61 Ala. 232; 62 Ala. 39; 63 Fla. 425, 58 South. 785; 4 Ala. App. 279, 58 South. 944; 5 Ala. App. 259, 59 South. 737.

PER CURIAM. Appellee brought this suit against Jefferson county to recover certain fees for the issuance of registration receipts by him in the execution of what is commonly called the Dog Law. Gen. Acts 1919, p. 1077.

In the case of Waldrop v. Henry, Treas. (Ala. Sup.) 92 South. 425,[1] it was held, construing the foregoing act of 1919 in connection with the local act of Jefferson county (Local Acts 1915, p. 374), that the appellee here was entitled to recover these fees. That case involved the identical question here presented, and we are now asked to overrule that decision. We have reconsidered the opinion on former appeal in connection with the able argument of counsel for appellant, but have not been persuaded of the incorrectness of that holding, and will therefore adhere thereto.

It is insisted, however, that one feature is here presented which did not appear upon the former appeal, and that is, that the agreed statement of facts discloses that plaintiff himself did not actually perform the services, but that it was done under his supervision by his deputy clerks, who received their salary from the county. We are not of the opinion, however, that this fact should be held to differentiate the case as now considered from that upon the former appeal in construing the acts here in question. The work was done under the supervision of plaintiff by his deputy clerks, and as head of that department he was responsible for the proper performance of these duties, and the proper care and custody of the funds. The mere fact that the actual clerical work was done by the deputies, and the further fact that their salaries were paid by the county as provided by the Local Act of 1915, is not at all persuasive that the construction upon these two acts on the former appeal was incorrect. We are therefore of the opinion that the holding upon the previous appeal is conclusive, adversely to appellant's contention, and the judgment of the court below will therefore be here affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN, SAYRE, and THOMAS, JJ., concur.

SOMERVILLE, GARDNER, and MILLER, JJ., dissent.

GARDNER, J. (dissenting). I am unable to agree with the conclusion reached in this case based upon the decision of Waldrop v. Henry (Ala. Sup.) 92 South. 425,[2] construing the local act fixing the salary of county officers for Jefferson county (Local Acts 1915, p. 374), in connection with the act of 1919, commonly known as the Dog Law (Gen. Acts 1919, p. 1077).

The clerk of the circuit court of Jefferson county in the instant case recovered a judgment against the county for more than $3,000, representing a fee of 25 cents for each reg-

[1] Ante, p. 128.      [2] Ante, p. 128.

istration receipt issued pursuant to the provisions of the Dog Law above referred to, and this recovery is here affirmed.

It is a matter of common knowledge that in some of the larger counties of this state the fee system was considered an evil, and particularly so in Jefferson county, and in order for that county to eliminate the fee system then in vogue for its officers an amendment to the Constitution was adopted, known as the Jefferson county salary amendment, which by its terms gave to the Legislature a discretion in regard to the fixing of compensation of the county officers of that county. This amendment was adopted in November, 1912, and pursuant thereto the Legislature of 1915 passed a salary bill for the officers of Jefferson county. It was a local act, applicable alone to that county. The first section of this act expressly states that the compensation of these officers should be changed, and that they should be paid an annual salary in lieu of all other compensation, fees, or emoluments. We quote from section 1 the following:

"That the method and basis of compensation of the following officers of Jefferson county, to wit, the sheriff, the judge of probate, the tax collector, the tax assessor, the clerk of the circuit court, the clerk of the criminal court, and register in chancery of said county *be changed,* and that *said officers be paid an annual salary,* which shall be paid to and received by said officers *in lieu of all other compensation, fees or emoluments."* (Italics supplied.)

This section of the act then proceeds to fix the salary of the sheriff and the probate judge at $6,000, the tax collector and tax assessor at $4,000, and the clerk of the circuit court and the clerk of the criminal court, as well as the register in chancery, each at $3,600, and concludes by providing that such annual salary shall be paid out of the county treasury in equal monthly installments at the end of each month. Section 3 authorizes the board of revenue to provide sufficient clerical and other assistance for said offices, and to fix their compensation and the manner of payment, but leaves to the circuit judges the right to fix the number of clerks and assistants in the office of clerk of the circuit court. Under this authority, the plaintiff in the instant case was allowed 36 deputies to assist him in his labor, and their salaries paid out of the county treasury. Section 2 of the act reads as follows:

"That when this act goes into effect, the cost, charges of courts, fees and commissions now authorized by law to be collected and retained by the several officers of Jefferson county above named, shall continue to be collected, but shall be paid into the county treasury by the officer collecting the same, as other moneys belonging to the county are paid."

The opinion on former appeal (Waldrop v. Henry, supra) laid much stress on the word "now," found in section 2, and upon that word, as I understand it, rested largely the conclusion of the court then reached as to the construction of the act. In this I am of the opinion the court fell into error. The Local Act of 1915 was a remedial statute so far as the purpose of construction thereof is here concerned, and it is a well-known rule that remedial statutes must be construed liberally so as to afford all the relief within the power of the court, which the language of the act indicates the Legislature intended to grant. It is the duty of the court to construe the act so as to suppress the mischief and advance the remedy, and as is said in 25, R. C. L. 299:

"It is not unusual to extend the enacting words of a remedial statute beyond their mere import and effect in order to include cases within the same mischief."

It is also a well-recognized rule that all laws are presumed to be intended to operate prospectively, and not otherwise, unless there is express language to the contrary, or the implication of such intention from the language used be indubitably clear. Barrington v. Barrington, 200 Ala. 315, 76 South. 81.

The question then arises, Did the Legislature by the use of the word "now" in section 2 of the Local Act intend to limit and restrict the right of the county to fees collected by these officers placed upon a salary basis, which were only authorized at the time of the enactment of the law, or should the language be so construed as indicating a legislative intent that the county should be entitled to all fees collected by these officers which were then authorized or which may thereafter be authorized by law? A question of similar character, where the adverb "now" was considered, arose in the case of City of St. Louis v. Dorr, 145 Mo. 466, 41 S. W. 1094, 42 L. R. A. 686, 68 Am. St. Rep. 575, wherein the Supreme Court of Missouri held that this word in the statute there under review did not "necessarily mean 'at the present time,'" citing Clark v. Lord, 20 Kan. 390, the holding of which was to like effect. The court enters into a full discussion which is most persuasive. As has been said, "Law is made theoretically, not for a day, but for all time," and I am convinced that the Local Act shows a legislative intent to create a stable system of compensation, and not a changeable one.

Section 2 of the Local Act of 1915 should be construed in connection with the entire act, and the purpose of its enactment, which was to eliminate entirely the fee system in Jefferson county. To restrict the meaning of the word "now" to the time of the passage of that act would be to create a hybrid system, compensating the officers partly by salary and partly by the fee system, losing

sight of the language of section 1 to the effect that the salary is to be in lieu of all other compensation. The history of the act refutes such legislative intent. Construing the act as contended by appellee would make the compensation of the officers depend upon future legislative action as to any modification or change by general law in court costs, fees, or commissions, thus producing an uncertain system and restoring in part the fee system, which it was the purpose of the Legislature to abolish.

The effect of the holding in this case, based upon the former appeal (Waldrop v. Henry, supra), giving such significance to the word "now" used in the Local Act of 1915, is to free any fees, commissions, or allowances for the officers of Jefferson county, which may be provided by general laws subsequent to the act of 1915, from the provisions of this Local Law, and turn such additional compensation to the officers rather, than into the county treasury. Let us illustrate the effect of such a holding: By the local act the sheriff of Jefferson county is given a salary of $6,000. Under the prohibition law, by virtue of General Act of 1919, p. 6, under section 10, the sheriff is allowed a fee of $50 for a conviction in a case of illicit distilling; and under the provisions of section 13 of the act, when property is sold under condemnation proceedings, he is permitted to have for his own compensation one-fourth of the purchase price. These laws are applicable to Jefferson county, and to all sheriffs of the state, and if the construction of the Local Act of 1915, given in the case of Waldrop v. Henry, supra, is to stand, all of the extra compensation provided by the Acts of 1919 belongs to the sheriff, and not to Jefferson county. It is readily seen therefore that the local act, so construed, places the officers of Jefferson county upon a salary basis, and at the same time allows additional compensation which might accrue by a change in any general law, which had no reference whatever to the local act of that county. It is therefore seen that Jefferson county under this construction has a hybrid system, having a salary basis and a fee basis for its county officers, notwithstanding the emphatic language of section 1 of the local act.

Section 2 of the act provided only for the payment of the fees into the county treasury; it made no reference to the compensation of the officers, as they had been provided for in the previous section. The opinion in the Waldrop Case, supra, lays much stress upon the word "now" as used in section 2. overlooking, however, specific reference to the provisions of section 1, wherein the Legislature was particular to provide that the manner of compensation of its officers be changed, and that they be paid an annual salary, which shall be "in lieu of all other compensation, fees or emoluments." The word "now," as used in section 2, in my opinion, should be construed as having a prospective meaning, and not restricted to the time of the passage of the act. So construing the act harmonizes all its parts, and gives effect to the clear legislative intent. The law out of which the fees here in controversy arose, and known as the dog law, was a general law, and these fees were intended as compensation for all circuit clerks in the state coming within its influence, but there is nothing whatever in the act indicating any legislative intent to in any manner affect or modify the provisions of any local law as to compensation of officers such as existed in Jefferson county. Certainly, the passage of a general law is not considered as affecting local laws unless expressly so provided; but under the holding of the majority in the instant case all general laws, adding additional or different compensation to such officers over the state, automatically affect Jefferson county's local salary act. This, to my mind, is contrary to the clear intent of the local salary act, and, as the decision is of rather far-reaching influence, I have thought it proper to briefly state my views.

I respectfully dissent.

SOMERVILLE and MILLER, JJ., concur.