### SLOSS–SHEFFIELD STEEL & IRON CO. v. BROOKS.   (6 Div. 57.)

(Court of Appeals of Alabama.   Nov. 28, 1922. Rehearing Denied Jan. 30, 1923.)

**1. Statutes ⚷102(3)—Legislature can pass special law increasing fees of county officers in Jefferson county.**

  Under the Jefferson county salary amendment to the Constitution (see Acts 1911, p. 47), giving the Legislature authority to fix by general or local laws fees to be charged by any officer of Jefferson county, the regulation of the fees of the officers of such county is excepted from the limitations prescribed by Const. 1901, §§ 96, 104, prohibiting any law not applicable to all the counties in the state, and any special private or local law changing the fees of public officers.

**2. Officers ⚷100(2)—Legislature can increase fees of court clerk in Jefferson county during term.**

  The Jefferson county salary amendment to the Constitution (see Acts 1911, p. 47), authorizing the Legislature to fix the fees of officers of that county, including the method and basis of their compensation, authorized it to increase or diminish the fees of such officers during their terms, notwithstanding the general prohibition against change of compensation of officers in Const. 1901, §§ 68, 281, so that the amendment to Code of 1907, § 3713, by Gen. Acts 1919, pp. 884, 885, so as to permit the clerk of the circuit court of Jefferson county to charge a fee for collecting a judgment not paid within 60 days, is valid.

Appeal from Circuit Court, Jefferson County; Dan A. Greene, Judge.

Action by Lois T. Brooks, as administratrix, against the Sloss-Sheffield Steel & Iron Company. From a judgment denying a motion to retax costs, defendant appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Sloss-Sheffield Steel & Iron Co., 209 Ala. 264, 96 South. 83.

Tillman, Bradley & Baldwin, of Birmingham, for appellant.

Acts 1919, p. 884, is unconstitutional and void. Const. 1901, §§ 68, 104, 281. The Jefferson County Salary Amendment (Acts 1911, p. 47) was directed at section 96 alone, and did not purport to amend sections 68, 104, and 281. Waldrop v. Henry, 207 Ala. 128, 92 South. 425. By allowing this item of cost, the salary of the clerk would be increased during his term of office, in violation of the Constitution. Const. 1901, §§ 68, 281; Miller v. Griffith, 171 Ala. 337, 54 South. 650; 11 Mich. Ala. Dig. 1066.

W. K. Terry, of Birmingham, for appellee.

The question in this case has been decided adversely to appellee in Riley v. L. & N. R. R. Co., 18 Ala. App. 279, 92 South. 23.

BRICKEN, P. J. On the 2d day of May, 1919, a judgment was recovered in the circuit court of Jefferson county, Ala., by Mrs. Lois T. Brooks, administratrix, against the Sloss-Sheffield Steel & Iron Company, which judgment carried with it a recovery of the court costs in said case. When the clerk of the circuit court of Jefferson county made up the bill of costs, he assessed, as an item of costs in said cause, the sum of $70.50 as commissions for collecting the amount due on said judgment. This item of costs purports to have been assessed by the clerk under an act approved September 30, 1919, which was amendatory of section 3713 of the Code of Alabama of 1907. Under said act it is provided that clerks of the circuit courts are entitled to receive as a fee for collecting money on judgments, wherein said judgment has not been paid within 30 days after its rendition, one-half the per cent. allowed sheriffs for the same services for collecting money on executions.

The Sloss-Sheffield Steel & Iron Company, appellant here, presented a motion before the presiding judge of the circuit court of Jefferson county on the 14th day of January, 1922, seeking to have the court retax the bill of costs in said cause, and eliminate therefrom said item of $70.50, commissions charged by the clerk for the collection of the amount due on said judgment. The trial court overruled appellant's motion for the retaxation of the bill of costs, and from the judgment of the trial court in overruling said motion the appellant prosecutes its appeal to this court.

The appellant admits that, if the act approved September 30, 1919, and amendatory of section 3713 of the Code of 1907 (General Acts of Alabama 1919, pp. 884, 885), is a valid act of the Legislature of Alabama, then said item in said bill of costs was a proper charge. But it is contended by appellant that said act is unconstitutional and void, and that therefore said item of costs was improperly charged against the plaintiff in the court below.

It is contended by the appellant that the act approved September 30, 1919, is void, because said act is in conflict with sections 68, 96, 104, and 281 of the Constitution of Alabama of 1901. In order that the contention of the appellant may be properly considered and understood, we set out so much of the provisions of each section of the Constitution as is now insisted upon by the appellant. These provisions are as follows:

"Sec. 68. The Legislature shall have no power to grant or to authorize or require any county or municipal authority to grant, nor shall any county or municipal authority have any power to grant any extra compensation, fee or allowance to any public officer, servant or employee, agent or contractor, after service shall have been rendered or contract made, nor to increase or decrease the fees and compensation of such officers during their terms of office; nor shall any officer of the state bind the state to the payment of any sum of money but by authority of law. * * *"

"Sec. 96. The Legislature shall not enact any law not applicable to all the counties in the state, regulating costs and charges of courts, or fees, commissions or allowances of public officers."

"Sec. 104. The Legislature shall not pass a special, private or local law in any of the following cases: * * * (24) Creating, increasing or decreasing fees, percentages or allowances of public officers. * * *"

"Sec. 281. The salary, fees or compensation of any officer holding any civil office of profit under this state or any county or municipality thereof, shall not be increased or diminished during the term for which he shall have been elected or appointed."

It will be seen that sections 68 and 281 of the Constitution both provide an inhibition against an increase or diminution in the fees and compensation of public officers during the term for which such officers shall have been elected or appointed. Any law which would violate the provisions of section 68 of the Constitution with respect to the increase or diminution of the fees and compensation of public officers would, of necessity, also violate the provisions of section 281 of the Constitution.

[1] It is also to be observed that section 96 of the Constitution prohibits the Legislature from enacting *any* law whatsoever, whether special, private, or local, regulating the costs and charges of courts, or fees, commissions, or allowances of public officers that shall not be applicable to all the counties in the state, while section 104 of the Constitution directly prohibits the Legislature from creating, increasing, or decreasing fees, percentages, or allowances of public officers by a private, special, or local law. The term, "any law not applicable to all the counties in the state," is certainly comprehensive enough

to embrace a special, private, or local law, and therefore it cannot be logically asserted that a special, private, or local law creating, increasing, or decreasing fees, percentages, or allowances of public officers would not infringe upon the limitations of section 96 of the Constitution. In other words, any law which violates the provisions of section 104 of the Constitution would likewise violate the provisions of section 96 of the Constitution.

The Jefferson county salary amendment to the Constitution of Alabama of 1901 became an effective part of that instrument on the 16th day of November, 1912 (see Gen. Acts 1911, p. 47). This amendment provides as follows:

"The Legislature of Alabama may hereafter, from time to time, by general or local laws, fix, regulate and alter the costs, charges of courts, fees, commissions, allowances or salaries to be charged or received by any county officer of Jefferson county, including the method and basis of their compensation."

Construing this provision of the organic law of this state, in the case of Waldrop, Clerk, v. Henry, Treas., 207 Ala. 128, 92 South. 425, the Supreme Court has said:

"At least one effect of this amendment was to exempt Jefferson county and its officers from the limitations prescribed by section 96 of the Constitution of 1901, and, in consequence, to justify the Legislature in exercising its continuing discretion in providing for the compensation of the officers within the definition of that amendment to the Constitution."

If the effect of the amendment in question was to exempt the officers of Jefferson county from the constitutional limitations created by section 96 of the Constitution of 1901, then said officers are also exempt from the limitations prescribed by section 104 of the Constitution of 1901.

[2] The Supreme Court of Alabama, applying the provisions of the amendment to the Constitution, above quoted, held that the circuit clerk of Jefferson county, Ala., was authorized to collect a fee of 25 cents for each receipt issued by him in execution of the provisions of the "Dog Law" of 1919 (General Acts 1919, pp. 1077, 1079). The legal effect of this determination by the Supreme Court is that the collection of the fees under said "Dog Law" was not in violation of sections 68 and 281 of the Constitution. The conclusion could not have been otherwise because the Jefferson county salary amendment expressly authorizes the Legislature of Alabama, from time to time, by general or local laws, to fix, regulate, and alter the costs, charges of courts, fees, commissions, allowances or salaries to be charged or received by any county officer of Jefferson county, and the effect of these provisions in the amendment was to declare that when the Legislature of Alabama, by either a general or local law, fixed, regulated, or altered the commissions, fees, allowances, or salaries to be charged or received by any officer of Jefferson county then such general or local law, under the broad terms and provisions of the Jefferson county salary amendment, is exempted from the inhibitions contained in sections 68, 96, 104, and 281 of the Constitution of Alabama.

This court has expressly held that the provisions of the act now under attack did not violate section 281 of the Constitution of 1901. Riley et al. v. L. & N. R. Co., 18 Ala. App. 279, 92 South. 23. And it, of necessity, follows that with respect to the contention here urged it does not infringe upon the limitations contained in section 68 of the Constitution of 1901.

After a careful consideration of this case, we find no error in the record, and the judgment of the trial court must therefore be affirmed.

Affirmed.