## ARMSTRONG v. JEFFERSON COUNTY.
(6 Div. 792.)

(Supreme Court of Alabama. Jan. 11, 1923.)

Clerks of courts ⬤⟶35—Fees of register in chancery for sale of property condemned under prohibition laws belong to county.

Under Gen. Acts 1919, pp. 12, 13, §§ 12, 13, conferring on the circuit court in equity jurisdiction to condemn property used for violating the prohibition laws and specifying the application of the proceeds after paying the costs and expenses of the suit, the register in chancery is given no additional or different fees for his services in such suits than he received in other suits, and such fees belong to the county under Loc. Acts 1915, p. 374, §§ 1, 2, fixing the salary of the register of chancery in Jefferson county, and requiring him to pay all fees into the county treasury, the remedy of the register for the additional work imposed upon his office by the condemnation of the property being by application to the board of revenue for additional clerical and other assistance under the authority of section 3 of the local act.

Appeal from Circuit Court, Jefferson County; D. A. Greene, Judge.

Action by Hunter Armstrong against Jefferson County. Judgment sustaining demurrers to the complaint and entering nonsuit, and plaintiff appeals. Affirmed.

Thos. J. Judge, of Birmingham, for appellant.

The forfeiture of automobiles is not a duty coming within the ordinary scope of equity jurisdiction. The plaintiff was entitled to fees for performance of this duty, not authorized at the time of the passage of the Salary Act (Local Acts 1915, p. 374). 207 Ala. 606, 93 South. 540; 207 Ala. 128, 92 South. 425; Acts 1919, p. 13; 153 N. Y. 188, 47 N. E. 302, 60 Am. St. Rep. 609; (C. C.) 27 Fed. 281; 16 Wall. 162, 21 L. Ed. 275.

W. K. Terry, of Birmingham, for appellee.

Counsel argues that the demurrer was properly sustained, and that the cases cited by appellant are without application.

MILLER, J. This suit was commenced by Hunter Armstrong against Jefferson county for money had and received. There was one count in the complaint. Demurrers to it were sustained by the court. The plaintiff took a nonsuit by reason of the adverse ruling of the court to him on the pleading; the case was dismissed, and plaintiff taxed with the cost. This appeal is prosecuted from that judgment, and the ruling and order of the court sustaining the demurrer of the the defendant to this count of the complaint is the error assigned.

This action is based on common count for money had and received. The facts relied on to constitute the cause of action are alleged in the count. The money received by the county, which is sued for, arose out of costs and fees collected and allowed the plaintiff, who was register in chancery, in suits in equity for the forfeiture and condemnation of automobiles and other vehicles which had been or were used to illegally transport prohibited liquors or beverages from one point in the state to another point in the state, under section 13 of an act approved January 25, 1919. Gen. Acts 1919, p. 13. The count avers $1,009.16 in costs, and fees were collected by him as register, in different causes or suits in the court growing out of the condemnation proceedings under that act, which sum was by mistake paid by him to the treasurer of the county of Jefferson; it belongs to plaintiff, and a claim therefor, itemized and verified by affidavit, was presented by plaintiff to the board of revenue of the county for a warrant for it, and the claim was disallowed by them before this suit was commenced.

The defendant demurred to the count on the ground the facts set out show the money claimed belonged to the defendant, and not plaintiff, as a matter of law; that under the local act approved September 14, 1915 (Local Acts 1915, p. 374), these fees and costs sued for, when collected by the register, the plaintiff, eo instanti belonged to the defendant, Jefferson county, and were properly paid by the register (plaintiff) to the treasurer of the county.

Section 1 of this act in Local Acts 1915, p. 374, provided that the method and basis of compensation of the register in chancery, now called register of the circuit court of Jefferson county, be changed, and that said officer be paid an annual salary, which shall be paid to and received by him in lieu of "all other compensation, fees or emoluments"; and this annual salary of the register was fixed at $3,600 to be paid out of the county treasury in equal monthly installments at the end of each month. The design, purpose, and intent of the Legislature by this act was to pay the register of the circuit court of Jefferson county an annual salary of $3,600, payable monthly at the end of each month, in

equal monthly installments out of the county treasury *"in lieu of all other compensation, fees, or emoluments,"* and to abolish the fee system compensation to the register. Section 6 of this act (Local Acts 1915, p. 374), provides this act shall go into effect upon the expiration of the term of office of the several officers herein named, which was before the present term of office of this register, the plaintiff, and before the fees and costs sued for were collected by him and paid into the treasury of the county. Section 2 of this act provides, when it goes into effect, the cost, charges of court, fees, and commissions, now authorized by law to be collected and retained by the register of the circuit court, shall continue to be collected, but shall be paid into the county treasury by the register as other moneys belonging to the county are paid. The board of revenue of Jefferson county is authorized and empowered by section 3 of this act to provide for sufficient clerical and other assistance to and deputies of the said officer, to fix their compensation, and to provide how they shall be paid.

Sections 12 and 13 of an act approved January 25, 1919 (General Acts 1919, p. 12), conferred on the circuit court in equity jurisdiction to condemn and order forfeited all property used in connection with an illegal plant to distill or manufacture liquor, etc., together with the buildings and lots or parcels of ground constituting the premises on which the unlawful act is performed, or permitted to be performed, and to condemn and order forfeited all conveyances and vehicles, including any animals that may be hitched to any vehicle, together with all harness or other accessories, which have been or are used to illegally transport prohibited liquors or beverages from one point to another point in the state.

When the property in this section (12) permitted to be condemned is sold, the act provides "the proceeds shall be applied *after paying the costs and expenses of the seizure and of the suit"* to a fund for law enforcement, etc. And section 13 of this act provides when the property therein permitted to be condemned is sold the proceeds of the sale shall, *"after paying all expenses in the cause"* and of advertisement, as the case may be, including costs of seizure and of keeping the property "pending the proceedings," etc., be applied, etc. There are only two allusions, which appear in this General Act of 1919, pp. 12, 13, in reference to the fees or costs of the register of the circuit court. One is in section 12, as follows: "Shall after paying the costs and expenses of the seizure and of the suit"; and the other in section 13, as follows: "After paying all expenses in the cause." No costs, charges of courts, fees, or commissions are permitted by this act to be collected by and for the register in these condemnation causes, which were not permitted and allowed to be collected by the register in other causes in the court when the Salary Act of 1915 (Local Acts 1915, p. 374), was adopted; and his salary of $3,600 per annum was intended to be "in lieu of all other compensation, fees or emoluments."

If the act of 1919 required more work to be performed by the register by conferring this additional jurisdiction of condemnation proceedings on the circuit court in equity, then relief therefor, if necessary, could and should come from the county by the board of revenue providing additional clerical or other assistance for the register under section 3 of the act of 1915, because the additional jurisdiction conferred on the court by adding to it these condemnation causes increased the income of the county, as well as increased the work and duties of the register. The fees and costs in these condemnation causes and proceedings are the same as the fees and costs in other causes in that court; they are not new fees and new costs for different services rendered, but they are the same fees and same costs for the same services rendered in other causes in the court. These fees and costs sued for were for fees and costs due the register in causes in the *circuit* court in equity; they arose from causes in that court, and only such fees and costs were collected in them by the register as were authorized to be collected and would likely arise in any suit in equity, and under Local Act of 1915, p. 374, these fees and costs sued for were properly collected by the register, and properly paid by him to the treasurer of the county, and they belong to the county of Jefferson, the defendant.

When the duties and labors of the register are increased by additional jurisdiction of causes of action given to the court, this would not, of itself, increase his salary by the fees in these causes. The suits filed in the court would likely, on account thereof, be increased in number, and the costs, charges of court, fees, and commissions due the register would be correspondingly increased. The income to the county would be affected, and not the register, by it, as the costs, charges of court, fees, and commissions from the causes or suits would belong to the county, and not to the register. The gain would affect only the county. The income to the county would be increased by it, and the duties and labors of the register would be increased by it, and this could be correspondingly regulated by the board of revenue increasing the clerical or other assistance given the register to perform the additional duties and labors of the office, if necessary, as the circumstances required. This was the purpose of the amendment to the Constitution of 1901, known as the Jefferson County Salary Amendment; it was the design of the statute, and such was the intent of the Legislature, as we read and consider this act of 1915. The Legislature never intended to place the compensation of the register on a part salary and a part fee

system basis. It intended to abolish the fee system entirely as to the register.

It is true this court in Waldrop v. Henry, 207 Ala. 128, 92 South. 425, which was approved by a divided court of four to three in Jefferson County v. Waldrop, 207 Ala. 606, 93 South. 540, held that the clerk of the circuit court personally, and not Jefferson county, owned and was entitled to the fee of 25 cents for the services rendered, and each dog tax license issued by the clerk under the Dog Law Act approved September 30, 1919. Gen. Acts 1919, p. 1077, § 9. This was not a fee authorized by law when the local salary act of 1915 was adopted and approved. It is not a fee provided for in any case, or that is likely to arise in any case in the circuit court; it is not a fee growing out of any case in the circuit court; and it has no natural connection with the duties or fees or costs of the circuit clerk. These cases have no conclusive application or bearing on the ownership of the fees involved in this suit. The fees in this case are different from the dog tax fee. These fees and costs arose in causes in the equity court, and they were collected under the general schedule of fees and costs allowed the register in the Code in causes in the circuit court in equity.

The demurrers to the complaint were properly sustained by the court. It affirmatively appears from the complaint that the fees and costs sued for belong to the defendant.

The judgment of the court is free from error, and is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.