(108 So. 38)

## VAUGHAN, Probate Judge, v. STATE ex rel. BARKER. (2 Div. 848.)

(Supreme Court of Alabama. Jan. 28, 1925.)

Statutes ⬉93(10)—Act, providing payment of ex officio fees to clerks of circuit courts in certain counties, held unconstitutional.

Gen. Acts 1919, p. 690, to provide payment of ex officio fees to clerks of circuit courts in all counties having a population of 53,401 and not more than 58,401 held violative of Const. 1901, § 96, prohibiting the enactment of any law not applicable to all counties in the state regulating costs and charges of courts or fees, commissions or allowances of public officers.

Appeal from Circuit Court, Dallas County; S. F. Hobbs, Judge.

Petition by the State of Alabama, on the relation of T. W. Barker, for mandamus to Hon. Watkins M. Vaughan, as Probate Judge of Dallas County, to require the issuance of a warrant to petitioner, as Clerk of the Circuit Court, under an act approved September 25, 1919 (Acts 1919, § 690). Judgment for petitioner, and respondent appeals. Transferred from Court of Appeals, under Acts 1911, p. 449, § 6. Reversed and remanded.

Craig & Brown, of Selma, for appellant.

The act is unconstitutional and void. Const. 1901, §§ 96, 104, 106, 110; Code 1907, §§ 3715–3717; Reynolds v. Collier, 204 Ala. 38, 85 So. 465; Anderson v. State, 206 Ala. 301, 89 So. 452; Cobbs v. Home Ins. Co., 18 Ala. App. 206, 91 So. 628; State v. Williams, 18 Ala. App. 513, 93 So. 381.

Pettus, Fuller & Lapsley and A. M. Pitts, all of Selma, for appellee.

Reasonable classification is permissible. 25 R. C. L. 813.

BOULDIN, J. This proceeding is to test the constitutionality of an act "to provide for the payment of ex officio fees to clerks to circuit courts in all counties of this state having at the last federal census or any subsequent federal census, a population of not less than 53,401 and not more than 58,401." Gen. Acts 1919, p. 690. This act is assailed as violative of sections 96, 104 (24), 106, and 110 of the Constitution of 1901.

The court takes judicial notice that at the

time of its passage in 1919 the act applied only to the county of Dallas, having a population under the federal census of 1910 of 53,401, the minimum named in the act. The act was passed as a general law. Admittedly, if not a general law as defined by section 110, it fails for want of notice and proof required by section 106, Constitution of 1901. In the recent case of Vaughan v. Dawson, 102 So. 222,[1] we considered a similar statute providing for an allowance to the sheriff for use of automobiles in the discharge of his duties. Acts 1919, p. 687. That act was condemned as a local law upon the authority of Reynolds v. Collier, 204 Ala. 38, 85 So. 465.

The act now before us seems more directly to involve the following constitutional provisions:

Section 104: "The Legislature shall not pass a special, private or local law in any of the following cases * * * (24.)—Creating, increasing or decreasing fees, percentages or allowances of public officers."

Section 96: "The Legislature shall not enact any law not applicable to all the counties in the state, regulating costs and charges of courts, or fees, commissions or allowances of public officers."

In the study of this latter section, its language and the conditions obtaining at the time of its adoption are pertinent. The Code of 1896, of force in 1901, in chapter 29, art. 4, entitled "Fees of Officers," set forth in sections 1372, 1373, 1375, and 1377, a schedule of fees, commissions, and allowances to clerks of circuit and city courts, registers in chancery, judges of probate, and sheriffs.

In the case of the clerk the schedule included an item for performing official duties not otherwise provided for, such sum as may be "allowed" by the court of county commissioners, not exceeding a fixed limit. Certain counties named had increased limits. Code of 1896, § 1372. A like provision applied to sheriffs. Section 1377.

It is part of history that the several sections of the Constitution of 1901 aiming at a curtailment of local legislation were influenced by the volume of such legislation in the session of 1901, when new laws, general and local, covered 2,695 printed pages. An examination of the index to this volume discloses local acts passed at that session relating to fees—often ex officio fees—of county officers in the following counties: Coffee, Cullman, Covington, Crenshaw, Shelby, and Tuscaloosa, page 2024; Bibb, page 2425; Calhoun, pages 1210, 2454, 2501, 548; Fayette, page 1641; Jefferson, pages 2152, 1255, 175, 122; Lawrence, pages 1983, 192; Hale, pages 702, 703; Limestone, pages 2457, 2461; Macon, pages 1833, 2455; Morgan, page 977; Perry, page 922; Pike, page 310; St. Clair, page 2685; Walker, pages 1408, 1641; Winston, page 1025; Cullman, page 2659.

---

[1] Ante, p. 258.

In Brandon v. Askew, 172 Ala. 160, 54 So. 605, this court considered section 96 of the Constitution. Distinguishing between "salaries" and "allowances" to public officers, it was said:

"During the last 50 years at least sheriffs have been compensated for services in criminal cases by 'fees and allowances.' ".

That case was decided January 19, 1911. On February 28, 1911, an act was approved submitting an amendment to the Constitution as follows:

"The Legislature of Alabama may hereafter, from time to time, by general or local laws, fix, regulate and alter the costs, charges of courts, fees, commissions, allowances or salaries to be charged or received by any county officer of Jefferson county, including the method and basis of their compensation." Gen. Acts 1911, p. 47.

Discussing this amendment in Osborn v. Henry, 200 Ala. 353, 76 So. 119, it was said:

"The principle of uniformity, throughout the several counties of the state, as to the compensation of public officers in the way of costs, charges of courts, fees, commissions, and allowances, is declared also by section 96 of the Constitution."

See, also, State v. McLellan, 202 Ala. 41, 79 So. 379.

In Waldrop v. Henry, 207 Ala. 128, 92 So. 425, it is said:

"At least one effect of this amendment was to exempt Jefferson county and its officers from the limitations prescribed by section 96 of the Constitution of 1901."

See, also, Sloss-Sheffield Steel & Iron Co. v. Brooks, 18 Ala. App. 107, 96 So. 81; Id., 209 Ala. 264, 96 So. 83; Board of Revenue v. Kayser, 205 Ala. 289, 88 So. 19; McFountain v. State, 203 Ala. 329, 83 So. 53; Jackson v. Sherrod, 207 Ala. 245, 92 So. 481.

Both sections 110 and 96 have their field of operation. Section 110 is general in terms, looks to the state as the unit of legislation, but applicable to any class within the definition of Reynolds v. Collier, supra. The basis of classification, as related to the subject-matter, is of controlling importance.

Section 96 deals with a specific subject—court costs and officers' fees and allowances. The officers affected are county officers. It declares that laws dealing with the subject must be "applicable to all the counties of the state." It must be considered a cumulative provision, extending and making more specific sections 110 and 104 (24) as applied to the subject-matter of section 96. Any other view leaves section 96 a dead letter. It seems not open to reasonable doubt that ex officio fees of circuit clerks, as known in 1901 and known now, are among the fees and allowances named in section 96.

The general thought, as heretofore ex-

pressed in our decisions, is uniformity throughout the several counties of the state where costs and fees accrue. We may add that this principle of uniformity—like pay for like service—does not prevent the classification of all the counties by general law on a basis of population or tax values, in fixing a just allowance for ex officio services, as found in Code of 1923, § 7280. Indeed some such classification is necessary to any semblance of uniformity. But in fixing the classification it is the mandate of section 96 that it shall cover and be applicable to all the counties of the state, and not to a single class within specified limits of population.

We are constrained to declare the act in question violative of section 96 of the Constitution of 1901, and therefore void.

Reversed and remanded.

All the Justices concur.

SOMERVILLE, GARDNER, THOMAS and MILLER, JJ., concur in the opinion.

ANDERSON, C. J., and SAYRE, J., concur in the result, limiting their concurrence to grounds stated in Vaughan v. Dawson, supra, expressing no opinion on the other question decided.