(118 So. 583)

**IVEY v. RAILWAY FUEL CO.** (6 Div. 756.)

Supreme Court of Alabama. Oct. 25, 1928.

Rehearing Denied Nov. 22, 1928.

See 211 Ala. 10, 99 So. 177.

W. A. Denson, of Birmingham, for appellant.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellee.

Huey & Welch, of Bessemer, and Douglas Arant, of Birmingham, amici curiæ.

BOULDIN, J. ▮▮▮ The controlling question in this case is: Can an action be maintained under the Homicide Act for the death of a minor under 16 years of age, employed in a mine in violation of the Child Labor Law, or is the case governed by the Workmen's Compensation Law?

Section 7539 of the Code reads:

"*Minors within statute.*—The provisions of this chapter shall apply to employés who are minors and who have been employed in accordance ·with or contrary to laws regulating the employment of minors."

Speaking of this statute in Chapman v. Railway Fuel Co., 212 Ala. 106, 101 So. 879, it was said:

"This we construe to mean only that a minor is entitled to the benefit of the act as an employee, even though the contract under which he works is contrary to law and therefore void."

This was said in course of a discussion of the constitutionality of the Workmen's Compensation Law, but is nevertheless an expression of the judicial mind; and we may say declares the obvious meaning of such provision.

But the difficulty now presented arises from the presence, in section 7596, subd. (h), defining employee or workman within the meaning of the law, of the following expression: "And also includes minors who are legally permitted to work under the laws of [this] State."

As this clause appears in subdivision (h), it is incomplete and out of its setting. Its proper place is in subdivision (g). This becomes apparent by inspection of the original statute (Acts 1919, pp. 237, 238) in connection with the substitute bill set out in the Senate Journal, vol. 1, pages 819 and 820, and in connection with the statute of Minnesota from which the provision was taken. 2 ·Honnold, page 1325, § 34, subd. (g).

The statute was so read in Ex parte W. T. Smith Lumber Co., 206 Ala. 485, 90 So. 807. This case sheds no light on the question now before us.

The above-quoted provisions of the same legislative act are in conflict. Which controls?

Section 7539 is an express special declaration dealing with minors alone, while the expression quoted from subdivision (h) appears in section 7596, and which said section is but a general provision defining words and phrases. Section 7539 is plain and unambiguous, and deals specially with the application of the law to minors, while subdivision (h) and the section in which it appears deals generally with many subjects, words, and phrases. It is well settled by the decisions of this and other courts that, where there is a conflict in sections or provisions in pari materia, one dealing specially with a subject and the other doing so generally, the special section must prevail. "Generalibus specialia derogant." Holloway v. Henderson, 203 Ala. 247, 82 So. 344; McFountain v. State, 203 Ala. 329, 83 So. 53, and cases cited; Ex parte Central Iron Co., 209 Ala. 22, 95 So. 472; Herring v. Griffin, 211 Ala. 225, 100 So. 202. Moreover, the rule applicable to defining clauses is that they should be used only for the purpose of interpreting words that are ambiguous or equivocal and not so as to disturb the meaning of such that are plain. 36 Cyc. 1106.

Section 7539 appears in the original act as subsection 5a, Acts 1919, p. 207.

Section 5 (Code, § 7538) deals with death claims arising under the Homicide Act among others. It incorporates therein section 4 (Code, § 7537), which expressly denies a right of recovery thereunder in case of an employee who has elected not to accept the provisions of article 2 as against an employer who has accepted such provisions.

Thus clearly the legislative mind was directed to the application of these elective features to minors, and section 5a was incorporated accordingly.

As above mentioned, section 36 of the Alabama act (Code, § 7596) was copied from the Minnesota act. Section 34. It had been construed in Westerlund v. Kettle River Co., 137 Minn. 24, 162 N. W. 680, as excluding minors employed in violation of the Child Labor Law.

Subsection 5a, Code, § 7539, did not appear in the Minnesota act. It is new to the Alabama statute. Thus appears a clear legislative purpose to depart from the parent act and incorporate a provision expressive of such purpose.

The relation of minors to the Workmen's Compensation Law was also dealt with in section 12a of the Minnesota act, made 12a of the Alabama act, but with significant changes.

For convenient study, section 12a, is copied as found in the Minnesota act and in the Alabama act. We italicize those portions indicating changes from the parent act:

Section 12 (a) of the Minnesota act reads as follows:

"12(a). Minors.—*Minors who are permitted to work by the laws of this State* shall, for the purposes of part two of this Act, have the same power to contract, make election of remedy, make settlements, and receive compensation as adult employees; subject, however, to the power of the court, in its discretion at any time to require the appointment of a guardian to make such settlement and to receive moneys thereunder or under an award." Laws 1915, c. 209.

Section 12 (a) of the Alabama act reads as follows:

"12(a). Minors.—Minors shall, for the purposes of article 2 of this Act, have the same power to contract, make election of remedy, make settlements, and receive compensation, as adult employés, subject to the power of the court, in its discretion at any time to require the appointment of a guardian to make such settlement and to receive moneys thereunder or under an award, *and payments of awards made to such minors or their guardians shall exclude any further compensation either to the minors or to their parents for loss of services or otherwise.*"

This is now Code, § 7549. Here is a direct striking out of the words, "who are permitted to work by the laws of this state"; the same language still appearing in section 36, subd. (h), Code, § 7596.

The amendment added to 12 (a) of the Alabama act, indicated by italics above, emphasizes the exclusiveness of the remedial provisions of the Workmen's Compensation Law. To the same end is incorporated subsection 10½, new to the Alabama act, and now Code, § 7546.

All this is strongly persuasive that the section 7539 is controlling, and that the conflicting clause in subdivision (h) of section 7596, was still retained, somewhat out of its true setting, by mere inadvertence.

Appellant invokes the rule that apparent conflicts should be harmonized, if this can be done reasonably, so as to give each provision a field of operation.

The effort to apply that rule here seems to rest upon the view that some provisions of the Child Labor Law "regulate" the employment of minors, while others "prohibit" or forbid such employment.

Regulate and prohibit may have distinct meanings, as illustrated in such cases as Miller v. Jones, 80 Ala. 96.

Regulative statutes, however, usually forbid or prohibit certain things as part of the regulations. In the nature of it, regulation defines what shall and shall not be done in

certain events. Gibson v. State, 214 Ala. 46, 106 So. 231; State v. Skeggs, 154 Ala. 249, 46 So. 268.

The Child Labor Law was revised and re-enacted at the same session as the Workmen's Compensation Law. Gen. Acts 1919, p. 867. The first clause of the title, "to regulate the employment of minor children," is an inclusive statement of the purpose of the act. The further catalogue of purposes expressed in the title relate to matters germane to such general purpose. Otherwise the act would fall under the ban of section 45 of the Constitution.

The particular provision of the Child Labor Law violated in this case, working in a mine, is in section 6, forbidding a child under 16 years of age to be employed in named place. It is directly within the clause of the title, "to provide for * * * regulation of * * * places * * * where minors are employed."

The regulation names the places where employment is forbidden, leaving open places not named.

Much criticism is indulged of a construction which will bring within the Compensation Law cases where no legal relation of employer and employee exists because the contract of employment is violative of law. This criticism applies with equal force to violation of the regulations requiring an employment certificate. Kilby Car & Foundry Co. v. Georgia Casualty Co., 209 Ala. 356, 96 So. 319.

By no logical process of reasoning can section 7539 be construed as covering employment in violation of the Child Labor Law in one aspect and not in another. This section does not strike down, nor is it in conflict with, the Child Labor Law. That law makes its violation a misdemeanor, punished accordingly. It does not deal with the civil remedies that shall accrue to such minor in case of injury, nor to his representative in case of death.

The Workmen's Compensation Law does deal with it. It confers on the minor the benefits of the Compensation Law, notwithstanding his employment was illegal, and likewise subjects him to the burdens of that law.

The Legislature was dealing comprehensively with employer and employee in view of conditions theretofore existing.

In Humphrees v. Boxley Brothers Co., 146 Va. 91, 135 S. E. 890, 49 A. L. R. 1427, the Virginia court deals at length with the occasion for Workmen's Compensation Laws, their scope and policy. We cite it as a well-considered case.

We think quite clearly our Legislature has brought within the Alabama Compensation Law cases of minors employed in violation of the Child Labor Law. Whether this is a wise or just policy is for the Legislature. Affirmed.

ANDERSON, C. J., and SAYRE, GARDNER, and THOMAS, JJ., concur.