141 So. 910

### DALY v. JOHNSON.

#### 6 Div. 256.

Court of Appeals of Alabama.

May 10, 1932.

Bolivar B. O'Rear, of Jasper, for appellant.

128

Malcolm E. Nettles, of Jasper, for appellee.

**RICE, J.**

Appellant, being duly summoned as a state's witness in a criminal case pending in the circuit court of Walker county, and having attended, etc., as such witness, sought by this petition for mandamus to have appellee, the clerk of said circuit court, issue to him, for his attendance, etc., as such witness, warrant or claim, payable out of the treasury of Walker county, etc., for the amount of his witness fees, etc., as set forth and prescribed by Code 1923, § 3762.

Appellee resisted—issuing to appellant warrant or claim in accordance with the terms of Local Act of Alabama, applicable alone to Walker county (Loc. Acts 1907, p. 902), and act amendatory thereof (Gen. & Loc. Acts 1909, Sp. Sess., p. 415).

The circuit court overruled appellant's demurrer to appellee's answer to the petition; said answer relying, as intimated above, upon the two local acts mentioned, for a defense to the prayer of the petition. Whereupon appellant declined to plead further, but took a nonsuit with bill of exceptions, and brings the case here by appeal.

We, being of the opinion that the two local acts in question were, each of them, unconstitutional and void, but being without authority to so declare, certified the question of their validity, vel non, to the Supreme Court, as shown by the following, to wit:

"To the Honorable Supreme Court of Alabama:

"Under the provisions of section 7322 of the 1923 Code of Alabama, we hereby submit to the Supreme Court of Alabama for determination, the question of the validity, vel non, of the two acts of the Legislature of Alabama, following, to wit:

"(1) Act approved August 9, 1907, 'To better provide for the payment of witnesses in criminal cases who are summoned and appear for the State in the several courts of Walker county.' Loc. Acts of Alabama 1907, p. 902. And

"(2) Act approved August 25, 1909, evidently intended to be amendatory of the act described in the next, above, paragraph (though it purports to amend act approved November 23, 1907), 'To amend section one of an act entitled, an act to make better provisions for paying witnesses who appear for and at the instance of the State in the trial and investigation of criminal cases and charges in the circuit court of Walker county, or the Walker county law and equity court or before the judges or grand juries of either of said courts, approved November 23, 1907. Be it enacted by the Legislature of Alabama, That section one of an act entitled, an act to make better provision for paying witnesses who appear for and at the instance of the State in the trial and investigation of criminal cases and charges in the circuit court of Walker county, or the Walker county law and equity court or before the judges or grand juries of either of said courts, approved November 23, 1907. be amended,' etc. Gen. & Loc. Acts of Alabama 1909, Sp. Sess., p. 415.

"In a proceeding now pending before this court wherein one Jim Daly is the appellant and Minus H. Johnson, as clerk of the circuit court of Walker county, is the appellee—our number, 6 Div. 256—the above-mentioned and described acts of the Legislature are attacked as being in violation of the Constitution of Alabama.

"We are of the opinion that the first one of said acts and, perforce, the second one, being amendatory thereof, is unconstitutional for the reason (if not others) set forth in the opinion of the Attorney General, found in the 'Biennial Report of the Attorney General of Alabama, Oct. 1, 1928 to Sept. 30, 1930,' at page 427.

"Being without authority to 'strike down' a statute, and, believing both the above mentioned and described acts void, for the reason noted, we are, as above stated, submitting the question of the validity, vel non, of each of said acts to you, for determination.

"With great respect

"C. R. Bricken,
"Presiding Judge of the Court
of Appeals of Alabama.
"Wm. H. Samford,
"Associate Judge, etc.
"James Rice,
"Associate Judge, etc."

The Supreme Court answered as follows, to wit:

"To the Honorable Court of Appeals of Alabama:

"PER CURIAM.

"Answering the foregoing inquiry, fees for state witnesses, including mileage, are fixed by general law. Section 3762, Code 1923.

"The local act (Local Acts 1907, p. 902) applicable alone to Walker county, fixes these fees at a different per diem and mileage than the above-noted general act. Witness' fees constitute as much of the costs of the courts, and are as much a charge upon litigation, as the library tax considered in Birmingham Electric Co. v. Harry, 215 Ala. 458, 111 So. 41.

"The act in question runs counter to section 96 of our Constitution, and is therefore invalid as well as the act of 1909 (Gen. & Loc. Acts 1909, Sp. Sess., p. 415), amendatory thereof. See, also, Vaughan v. State ex rel. Barker, 212 Ala. 461, 103 So. 38.

"All the Justices concur."

In view of the above, we hold (Code 1923, § 7318) that the lower court was in error in overruling appellant's demurrer to the answer of appellee to the petition for mandamus.

And it is here ordered that said demurrer be, and is, sustained.

The cause is remanded for further proceedings in accordance with what is here written.

Reversed, rendered, and remanded.