## CLOUGH *v.* MONROE.

An officer's return upon a writ is conclusive of the facts properly stated therein, between the parties to the suit and all those claiming under them as privies.

Case against the sheriff is a proper remedy for an attaching creditor, who has lost his attachment by reason of the false return of a deputy of such sheriff upon another writ against the same debtor.

Where a deputy sheriff returns that he has made an attachment of real estate upon a writ, by leaving at the dwelling-house of the clerk of the city in which the land is situate, an attested copy of such writ and of his return thereon, and it appears that the copy left is neither attested nor a true copy of the writ, such deputy is guilty of a false return, for the damages resulting from which, the sheriff is answerable.

It is a sufficient averment of the falsity of such return, to allege that the deputy did not leave, at the time specified, or any other time, an attested copy of such writ and his return thereon at the dwelling-house of such clerk; and a sufficient allegation of the resulting damage, to aver, that, by reason of such false return, the plaintiff was prevented from lodging his execution on the land so falsely returned as attached, and lost the benefit of an attachment thereof, made upon his own writ, and was wholly deprived of any advantage from his own judgment against his debtor.

The amendment of a writ, by increasing the amount of indebtedness claimed and declared for as due, and the sum claimed as damages, with the subsequent rendition of judgment in the action for a sum larger than could have been recovered under the original writ, dissolves and discharges the attachment made on such original writ, as against subsequent attachments of the same property made before the rendition of such judgment.

CASE against the sheriff for an alleged false return of his deputy. A copy of the declaration, marked A, is annexed, and makes a part of this case. It was admitted that at the time the alleged cause of action arose, the defendant was sheriff of said county, and Warner Clark his deputy.

On the 29th day of October, A. D. 1853, one William Whittle sued out his writ against one Joseph W. Saunders, returnable at the Court of Common Pleas, to be holden at Amherst on the third Tuesday in April, then next; a copy of which, with the officer's return therein, is annexed, marked B, and made a part of this case. Judgment was rendered in said suit, April term, 1854, for $782.62 debt, and $9.48 costs, and execution issued thereon May 1st, 1854; and on the 20th of May, 1854, said

execution was levied upon 823 of 2171 parts in common and undivided of the westerly half of lot No. 112, described in the plaintiff's declaration.

The copy of the copy of said writ, left with the city clerk of Manchester, was not attested, and purported to be a copy of a writ in favor of Whittle against Saunders, returnable October term, 1854, at Amherst.

On the said 29th day of October, the plaintiff sued out his writ against said Saunders, therein declaring for $1000 due for goods, wares and merchandise sold and delivered, work done and material provided, money lent, paid, had and received, &c., and claiming damages to the amount of $1000. This action was duly entered at the April term, 1854, and continued to the October term, 1854, when it appeared by the record, a motion was made for leave to amend the writ by increasing the amount declared for, from $1000 to $1400, and the *ad damnum* from $1000 to $1400, and at the same term judgment was rendered in favor of the plaintiff against said Saunders, for $1382.10 debt, and $36.58 costs, and execution issued thereon December 16, 1854.

Said execution was returned satisfied, in part, by a levy of the date of January 10, 1855, upon 823 of 2171 parts in common and undivided of the westerly half of the said lot No. 112, before mentioned.

Attachments of the same land were made by other persons subsequent to the plaintiff's, and judgments obtained against said Saunders, which are still unsatisfied in whole or in part.

Copies of the writs, judgments and executions in the suits of Whittle *v*. Saunders, and Clough *v*. Saunders, may be used by either party in the argument of this case.

If the court shall be of opinion that the plaintiff can maintain his action, judgment is to be rendered for the plaintiff for such sum as the court shall decide, otherwise for the defendant for his *costs*.

It is agreed that the attachment in the suit Clough *v*. Saunders was made at 35 minutes after 12 o'clock, M., October 29, 1853, and that the officer's return thereof is correct.

Clough *v.* Monroe.

DECLARATION. [A.]

In the plea of the case for that the plaintiff, at said Amherst, on the 29th day of October, A. D. 1853, sued out of the office of the Clerk of the Court of Common Pleas, for said county, a writ of attachment in due form of law, in favor of the plaintiff against one Joseph W. Saunders, returnable at the term of said court then next to be holden at Amherst, in and for said county, on the third Tuesday of April, A. D. 1854, for the recovery of one thousand dollars, for goods, wares and merchandise there sold and delivered by the plaintiff to said defendant, at his request, and in the sum of $1000 for work done and materials provided, $1000 for money lent, $1000 for money paid, $1000 for money had and received, $1000 for food, drink, washing and lodging, and $1000 for the use and hire of divers goods and chattels, which said sums were then due and owing from said Saunders to the plaintiff, and interest thereon from the date of said writ, which said writ was directed to the sheriff of any county in this State, or his deputy, commanding him or them, among other things, to attach the goods or estate of said Saunders to the value of one thousand dollars, and thereafterwards, to wit, on the same day, the plaintiff delivered the said writ to one Joseph M. Rowell, then and there ever since a deputy of the defendant, who then was and ever since has been sheriff of said county, to be by him, said Rowell, as said deputy, served and returned according to the precept; and thereafterwards, to wit, on the same day, the said Rowell, as said deputy, upon and by virtue of said writ, and in obedience to the precept thereof, attached all the real estate of said Saunders situated in the city of Manchester, in said county of Hillsborough, by leaving an attested copy of said writ and his return thereon at the dwelling-house of George A. French, then the city-clerk of said city of Manchester, at thirty-five minutes past 12 o'clock in the afternoon of said day, and thereafterwards, to wit, on the 18th day of April, A. D. 1854, the said Rowell returned said writ into said court at the return day thereof, with his return of his doings thereon, as follows:

" HILLSBOROUGH SS. — October 29, 1853. I attached, as the estate of the within named Saunders, a lot of land and the buildings thereon situate, in Manchester, in said county, and bounded on the east by Pine street, on the south by Hanover street, on the west by E. W. Harrington, and on the north by a back street; also, I attached all the real estate in the city of Manchester owned by said Saunders, or of which he has any claims, by leaving at the dwelling-house of G. A. French, he being clerk of Manchester aforesaid, an attested copy of this writ and of this my return indorsed thereon.

J. M. ROWELL, Deputy Sheriff."

And at the term of said court held on said third Tuesday of April, A. D. 1854, said action was duly entered in said court, and at said term was continued therein until the next term thereof, held on the fourth Tuesday of October, A. D. 1854, at which last mentioned term judgment was rendered in said action in favor of the plaintiff against said Saunders, for the sums of $1382.10 debt, and $36.58 costs of suit. And on the said 18th day of April, A. D. 1854, one Warner Clark, then and ever since a deputy sheriff of the defendant, who then was and ever since has been sheriff of said county, as such deputy, had in his hands another writ of attachment in favor of one William Whittle against said Joseph W. Saunders, returnable at said term of said court to be held at said Amherst, on said third Tuesday of April, A. D. 1854, directed to the sheriff of any county in this State or his deputy, and commanding him or them, among other things, to attach the goods or estate of said Saunders, to the value of twelve hundred dollars, and thereafterwards, to wit, on the same day, the said Clark returned said last mentioned writ into said court, with the following false return thereon, signed by said Clark as said deputy, to wit:

" HILLSBOROUGH SS. — October 29, 1853. I attached, as the estate of the within named Joseph W. Saunders, all the real estate of the said Joseph W. Saunders, of every kind and description owned by said Saunders, in the city of Manchester, in said county, by leaving an attested copy of this writ and of this

my return, at the dwelling-house of George A. French, clerk of said city of Manchester aforesaid, at twenty minutes after eleven o'clock in the forenoon of said day.

WARNER CLARK, Deputy Sheriff."

And at said term of said court, holden the third Tuesday of April, A. D. 1854, said action, in favor of said Whittle against said Saunders, was duly entered in said court, and judgment was rendered in said action in favor of said Whittle against said Saunders for the sum of $786.62 debt, and $9.48 costs of suit. And execution was issued by said court in due forms of law, on the first day of May, A. D. 1854, which said execution was thereafter, to wit, on the first day of May, A. D. 1854, within thirty days from the rendition of the last mentioned judgment, delivered to the sheriff of said county of Hillsborough, to be by him duly served and executed. And said sheriff, in obedience to the precept thereof, thereafterwards, to wit, on the same day, and within said thirty days, levied and extended said execution upon the following described real estate, situated in said city of Manchester, which, on said 29th day of October, 1853, and at the time of said attachment upon the first mentioned writ, was owned by said Saunders, to wit, a certain tract, to wit, beginning at the southeast corner of lot number 113, on Hanover street, thence easterly on said Hanover street, fifty feet, thence northerly in a line parallel with Pine street through the centre of the buildings, one hundred and fifty feet, to the passage-way in the rear of said Hanover street, thence west by said passage-way fifty feet to the easterly line of lot No. 113, aforesaid, then southerly on said lot 113 one hundred and fifty feet, to said Hanover street, which said last described real estate is the same lot of land and the building therein described in the return aforesaid of said Rowell upon said writ in favor of the plaintiff against said Saunders.

And now the plaintiff in fact says that the return aforesaid of said Clark upon said writ in favor of said Whittle against said Saunders, was and is false in this, to wit : that said Clark did not, on said 29th day of October, at twenty minutes after

eleven o'clock in the forenoon on said day, nor upon any other
day, nor at any other time on said 29th day of October, leave
at the dwelling-house of said French an attested copy of said
writ in favor of said Whittle against said Saunders, and of his,
said Clark's, return, and so the plaintiff says that by reason of
said false return the said plaintiff was prevented from levying or
extending the writ of execution upon his said judgment against
said Saunders upon said tract of land, and has thereby lost the
benefit of his said attachment, made on his said writ against said
Saunders, and has wholly lost the benefit of his said judgment,
to the damage of the plaintiff, as he says, two thousand dollars.

*D. Clark* and *George M. Flanders*, for the plaintiff.

*S. M. Wilcox*, for the defendant.

FOWLER, J. It has been ingeniously argued by the defend-
ant's counsel, that this action cannot be maintained, by reason of
the inefficiency and defectiveness of the declaration, in not set-
ting forth with distinctness what part of the return is false and
in what particulars ; in not describing correctly the record and
proceedings undertaken to be set out, and in not alleging with suf-
ficient particularity the damage sustained in consequence of the
false return of the defendant's deputy. It has also been forcibly
urged, that there is a fatal variance between the record of the
judgment and the writ described, and that the levy of the plain-
tiff's execution subsequently to that of Whittle upon an equal
number of undivided fractional parts of the land of Saunders,
affords presumptive evidence that the two executions were levied
upon different fractional shares of the land, and that the evi-
dence of the satisfaction in part of the plaintiff's execution by
this levy is conclusive against the claim of damage ; that the
plaintiff is estopped by it from showing that he was prevented
from levying his execution upon the land of Saunders, by the
false return of the defendant's deputy, and that he cannot show
he took nothing by his levy, because he has not alleged damage

from any such cause.  It has further been contended, that there is a sufficient attestation of the copy of Whittle's writ left at the office of the city-clerk of Manchester, in the attestation on the back thereof, at the bottom of the return of the attachment of real estate, and that the variation between the copy thus left and the original writ was of such a character, that, if liable at all, the defendant could only be liable for nominal damages, there having been a substantial compliance with the provisions of the statute, and an actual notice of Whittle's attachment having been communicated by the copy as left, to the plaintiff and every one else.

These various positions, the view we have taken of the case, has rendered it unnecessary to examine in detail.  Some of them are technical, resting upon the forms of the declaration and of the records, and if well founded might readily be obviated by amendments.  Others seem not to be sustained by the facts of the case.

The plaintiff avers the return of the defendant's deputy to have been false in this, that said deputy did not, as in said return alleged, at the time alleged, or at any other time, leave at the dwelling-house of the clerk of Manchester an attested copy of Whittle's writ and his return thereon.  This appears to us a sufficiently explicit statement of the falsity of the return.  It could hardly be more so.  It was not necessary to specify in what particulars the copy of the writ and return differed from a true and attested copy of the same, as that must be obvious from comparison.  The case furnishes the means of such comparison, and it would seem upon examination there could be no doubt of the correctness of the plaintiff's allegation, so far as concerns the copy of the writ.  To say nothing of discrepancies between the return and the copy thereof, the copy of the writ left was not only without any attestation, as required by the statute, but was not a true copy of the writ in a vitally important particular.  The writ was dated October 29, 1853, and returnable at the next April term of court at Amherst.  The copy was of a writ bearing the same date, but returnable in October, 1854, at a

---

---

term of court to be holden six months after the only term to which writs could then be made returnable.

It has been suggested in the argument that this was a mere clerical error, which could mislead nobody ; and that the place of the court being correctly stated as at Amherst, it was well enough, inasmuch as the terms of court being fixed by law, one at Amherst, in April, and the other at Manchester, in October, the plaintiff and all others must have known that no term of the court was to be holden at Amherst in October, and must therefore have known that October was erroneously inserted in the copy instead of April.  The sufficient reply to this suggestion is, that the plaintiff, if he examined the record, had a right to presume that the copy found there was a true copy of the writ, and he was entitled to find it attested as such by the officer.  But he found, in the first place, no attestation, and in the next, a copy, which, had it been attested, would have been a copy of an illegal and void writ, upon which no valid attachment could have been made.  For both these causes he was authorized to believe that no valid attachment had been made, and to act accordingly.

The plaintiff further alleges that by reason of the false return of the defendant's deputy upon Whittle's writ, he was prevented from levying his execution upon the land attached by him, and thereby lost the benefit of his attachment.  This seems a sufficient allegation of damage, if made out by proof.  It is suggested that the copy of the plaintiff's execution and return shows a levy or attempted levy of the same on a fractional portion of this very land, and that, having made the attempt to levy, the plaintiff cannot say nothing was acquired by it.  But if the plaintiff took nothing by his levy, he may rightfully treat it as no levy.  If the land, or Saunders' interest in it, had passed to Whittle by his prior levy, nothing remained for the plaintiff, and it is matter of law that the second levy is void ; and a void levy, for all legitimate purposes, is no levy.  The fact that both executions purport to be levied on the same number of undivided fractional parts of the land, instead of furnishing presumptive evidence that they were levied on distinct and separate portions

thereof, clearly indicates an attempt to levy the second execution upon the same interest that the first had been levied upon.

The allegation that the plaintiff was prevented from levying his execution upon the land attached by reason of the false return of the defendant's deputy, may properly be regarded as an allegation that he was prevented by said false return from making an effectual and valid levy upon said land ; and if for that cause he lost the benefit of his attachment for the satisfaction of his judgment in whole or in part, it would seem to be a good cause of action, and sufficiently stated.

On the 29th of October, 1853, the plaintiff and Whittle both commenced suits against Saunders. Whittle's writ was made and attempted to be served by an attachment of real estate at twenty or twenty-five minutes past eleven o'clock in the forenoon. The plaintiff's writ was not served until thirty-five minutes past twelve o'clock in the afternoon. If Whittle's writ were properly served, his attachment had precedence over that of the plaintiff. If it were not so served, but the defendant's deputy falsely so returned it, the same result would follow.

It appears from the copy of the writ and return from the office of the city-clerk of Manchester, compared with the copy of the writ and return from the office of the clerk of the Court of Common Pleas, that the defendant's deputy did make a false return of the attachment on Whittle's writ. But this return was conclusive against the plaintiff, if he undertook to claim the land by force of an attachment thereof against Saunders. For an officer's return is conclusive of the facts properly stated in it, between the parties to the suit, and all those claiming under them as privies. If the plaintiff undertook to hold the land by his levy, he must claim it under Saunders, and would therefore be estopped by the false return. *Brown* v. *Davis*, 9 N. H. 83 ; *Angier* v. *Ash*, 6 Foster 105.

Whenever the return of an officer is regarded as conclusive, if the return be false, an action lies against him for such false return, by any person injured thereby, and it is the only legitimate remedy. *Hall* v. *Tenney*, 11 N. H. 516 ; *Banks* v. *Johnson*, 12 N. H. 452.

If, then, the plaintiff has suffered injury, he has pursued the proper remedy; and the action is properly brought against the sheriff, for he is civilly liable for the acts of his deputies. In law, the sheriff and his deputies are considered one officer, and the sheriff is liable for acts of the deputy done under color of office, whenever the deputy would be liable for the same acts. *Watson* v. *Todd*, 5 Mass. 271; *Perley* v. *Foster*, 9 Mass. 112; *Vinton* v. *Bradford*, 13 Mass. 114; *Morse* v. *Betton*, 2 N. H. 184; *Knowlton* v. *Bartlett*, 1 Pick. 271.

But it does not follow that the plaintiff has sustained injury because the return is false. The injury must be proved. *Sawyer* v. *Whittier*, 2 N. H. 315.

The return of the deputy being false, and the sheriff civilly responsible for the wrongful acts of his deputy, and the only mode of redress against a false return, by one who, if he undertook otherwise to invalidate it, must do so as claiming under one of the parties to the suit in which the false return was made, being in the present form of action, there can be no doubt of the plaintiff's right to recover, if he has shown himself to have suffered injury by the false return. The injury complained of is the loss of the attachment of Saunders' land, made upon the plaintiff's writ, October 29, 1853; and if the case furnishes proof that he has been thus injured, the plaintiff would undoubtedly be entitled to recover damages equal to the value of the land so lost. But has the plaintiff lost the benefit of his attachment of the land, by reason of the false return?

The writ of Whittle, upon which the false return was made, was duly entered in court, April term, 1854, and judgment recovered thereon at the same term. Execution was subsequently issued, and the same was properly levied on the land of Saunders, May 20, 1854.

The plaintiff writ was returned and entered April term, 1854, and the on continued, as it would seem, for the purpose of an investig n before an auditor, to the October term, 1854. At this last term the plaintiff amended his writ by increasing the amount declared for in his declaration, from one thousand to

fourteen hundred dollars, and the *ad damnum* in the same way and to the same extent. Judgment was thereafterwards rendered and execution issued, for $1382.10 debt, and $36.58 costs, at the same term.

Before the plaintiff amended his writ, Whittle had become a subsequent attaching creditor, by the levy of his execution on the 20th day of May, 1854, of the land attached by the plaintiff on his original writ. Besides, the case finds there were other attaching creditors of Saunders, subsequent to the plaintiff, whose judgments are still unsatisfied in whole or in part.

It may be considered as well settled, that an increase of the amount declared for in a writ, and of the *ad damnum*, and the subsequent rendition of judgment for a sum larger than could have been recovered under the original writ, is such an amendment of the whole proceedings as dissolves and discharges any attachment made upon the original writ, as against subsequent attachments of the same property made previous to the amendment. *Danielson* v. *Andrews*, 1 Pick. 156 ; *Hill* v. *Hunnewell*, 1 Pick. 192 ; *Willis* v. *Crocker*, 1 Pick. 204 ; *Mooney* v. *Kavanagh*, 4 Greenl. 277 ; *Clark* v. *Foxcraft*, 7 Greenl. 348 ; *Bean* v. *Parker & al.*, 17 Mass. 591 ; *Adams Bank* v. *Anthony*, 18 Pick. 238 ; *Seeley* v. *Brown*, 14 Pick. 177 ; *Leighton* v. *Lord*, 9 Foster 259.

When, therefore, the plaintiff took judgment for nearly four hundred dollars more than he had claimed to be due on his original writ, and his execution issued therefor on the 16th day of December, 1854, he was entirely destitute of any attachment as security for its payment, if the amount of attachments made in any way before the change in his writ was sufficient to absorb the property. The attachment on Whittle's execution alone would seem to have been sufficient for that purpose, and to have actually absorbed it.

The plaintiff, therefore, has suffered no injury by the false return upon Whittle's writ. Without regard to that return, or to other attachments, Whittle had a right to levy his execution upon the land of Saunders, subject to the attachment made upon

the plaintiff's writ on the 29th of October, 1853. He did so levy it, treating that attachment as void, or disregarding it entirely. When afterwards the plaintiff amended his writ, increasing the sum declared for and the *ad damnum*, and then took judgment for a sum almost four hundred dollars greater than could have been recovered under the original writ, he discharged his attachment as to all creditors who had in any way acquired a lien upon the property previous to that time, and could only take the land subject to their rights in the premises. But the levy of Whittle's execution had already exhausted Saunders' interest in the land ; consequently nothing remained for the plaintiff, and he has no cause of complaint against the defendant. Having lost the benefit of his security by his own conduct, he is not now to recover it of the defendant, because his deputy committed an error in the discharge of his duty, which might under other circumstances have enured to his advantage. Whatever may be the liabilities of the defendant or his deputies to other parties, it is sufficient for the decision of this case that the plaintiff has suffered no injury and has no legal claim for damage. There must, therefore, be

*Judgment for the defendant for costs.*