GEORGIA BARDEN *vs*. WILLIAM DOUGLASS.

Oxford.   Opinion September 25, 1880.

*Trespass.   Sheriff; acts of deputy.   Withdrawal of pleadings.   Practice.*

An action of trespass will not lie against a sheriff for the act of his deputy in taking possession of property attached by him on a writ while acting as deputy of a former sheriff, no judgment having been rendered on the writ, and the possession being demanded and received, by virtue of a receipt taken of the plaintiff and another at the time of the attachment, in which they agreed to safely keep the property attached, and deliver it to the officer on demand.

The presiding justice has discretionary power to allow a defendant to withdraw his brief statement, even after the plaintiff has rested his case.

ON REPORT.

TRESPASS.   The opinion states the case.

*D. Hammons*, for the plaintiff.

*R. A. Frye*, for the defendant.

VIRGIN, J.   On September, 30, 1878, A. B. Godwin, then a deputy of J. W. Whitten, sheriff of the county, on a writ against one Barden, (plaintiff's husband,) attached a piano-forte, stool and covering, as the property of the husband, but claimed by the plaintiff.   Without removing the property, the officer left it in the possession of the plaintiff and her mother, on receiving their written agreement (reciting the attachment) to safely keep the same, and deliver it to him on demand.   The writ on which the property was attached was duly returned and entered at the succeeding December term.

On January 1, 1879, sheriff Whitten's term of office expired, and as a consequence his deputy Godwin's. The former was succeeded by the defendant who appointed Godwin as his deputy.

On July 25, 1879, before judgment on the writ, Godwin presented the receipt and agreement to the plaintiff, demanded and received the property attached, canceled and surrendered the receipt. The case does not show what became of the property, but we presume from the brief statement that it is still in Godwin's possession awaiting judgment and execution in the original action.

The plaintiff has brought this action against this defendant for the act of Godwin in taking the property on July 25, when he surrendered the receipt, contending that he acted as the deputy of the defendant.

The defendant pleaded the general issue with a brief statement that the property was attached by Godwin, as the deputy of the defendant, on a writ against the plaintiff's husband, and that the property was the husband's. But when the testimony was nearly out, and the foregoing facts were disclosed, the defendant was allowed, against the objection of the plaintiff, to withdraw his brief statement. Thereupon the case was withdrawn from the jury, and continued on report for the law court to render judgment according to the legal rights of the parties.

It was within the discretion of the presiding justice to allow the withdrawal of the brief statement.

The action is not on the receipt and it is immaterial whether it was founded on a consideration or not. But if material the recital of the attachment would have been a sufficient consideration. *Foss* v. *Norris*, 70 Maine, 117.

The main question is, whether this defendant who became sheriff in January, 1879, is liable for the act of Godwin in taking possession of the property in July, 1879. If Godwin, in taking the possession, acted as the deputy of the defendant under a precept issued after his appointment, the defendant might be liable. But he did not. When he made the attachment, he acted as the deputy of the defendant's predecessor, Whitten.

Having made the attachment, it became his official duty to preserve it or take some security for it in lieu of it. If he chose the latter course, he could have delivered the property to a receiptor, taking from him a receipt in the alternative, to redeliver the property, *or* pay a certain sum of money. Then the attachment would have been dissolved, and the receipt substituted as security therefor. *Waterman* v. *Treat*, 49 Maine, 309 ; *Waterhouse* v. *Bird*, 37 Maine, 326. In such case, the receiptor cannot be regarded as the servant of the officer, for he relies on the contract for security, and not on the property. Cases *sup.* If, however, he elected to preserve the attachment, the officer could do so only by retaining control of it himself, or by his agent. *Nichols* v. *Patten*, 18 Maine, 231, 238 ; *Weston* v. *Dorr*, 25 Maine, 176, 181–2. In the case at bar, instead of taking a receipt in the alternative and thus dissolving the attachment, the officer appointed the plaintiff one of the keepers of the property, to preserve the attachment, and took from her an agreement that she would keep it safely, and deliver it to him on demand. She thereby became his agent.

When Godwin attached the property as the deputy of Whitten, it was his duty to keep it, whether he continued in office or not, until thirty days after judgment, or until some officer having the execution called for it. *Morton* v. *White*, 16 Maine, 53 ; *Tukey* v. *Smith*, 18 Maine, 125. And if he had done so, whether he continued in office or not, the sheriff, whose deputy he was when he made the attachment, would have been liable for the property.

The fact that Godwin had been appointed deputy of the defendant when he took the property into his immediate possession on July 25, is immaterial; for he did not then act under any precept which had come into his hands for service after that appointment, but was simply taking care of responsibilities which he had incurred as the deputy of Whitten. He did nothing in taking possession of the property attached from his keepers, which he could not lawfully have done, and which it was his duty to do, if he had not been commissioned by the defendant. Whether or not the defendant would have been liable if Godwin

had taken the property under an execution issued on the judgment recovered on the writ after his second appointment, we need not now inquire.

*Judgment for the defendant.*

APPLETON, C. J., WALTON, BARROWS, LIBBEY and SYMONDS, JJ., concurred.