## JEFFERSON COUNTY v. SANDEFER.
### (6 Div. 484.)

(Court of Appeals of Alabama. April 22, 1924.)

Intoxicating liquors &⇒254—General act providing for payment of fees in enforcing prohibition law held applicable to Jefferson county.

Gen. Acts 1915, p. 557, § 14, providing by section 14 for payment of fees to officers making liquor seizures, is applicable to Jefferson county, since Loc. Acts 1915, p. 374, placing Jefferson county officers on a salary basis, and requiring fees to be turned over to county, was passed prior to the general act as an inducement to activity by officers, and there being no constitutional provision preventing section 14 from applying to Jefferson county.

Appeal from Circuit Court, Jefferson County; Joe C. Hail, Judge.

Action by Woodie Sandefer against Jefferson county to recover fees as deputy sheriff. Judgment for plaintiff, and defendant appeals. Affirmed.

Matthews & Morrow, of Birmingham, for appellant.

The deputy sheriffs of Jefferson county being upon a salary basis, the fees provided by Acts 1915. p. 557, belong to the county. Local Acts 1915, p. 374.

Joseph R. Tate and Robert G. Tate, both of Birmingham, for appellee.

When the Legislature in its wisdom provides an additional fee or reward for an officer, and makes definite provision for the collection and payment of same, it does so with the full knowledge of existing law, and such fee is collectible by the officer earning the same, in addition to the compensation provided for by the Salary Act. Local Acts 1915, p. 374; Waldrop v. Henry, 207 Ala. 128, 92 South. 425; Jefferson County v. Waldrop, 207 Ala. 606, 93 South: 540.

BRICKEN. P. J. The only question for

consideration and decision in this case is whether or not a deputy sheriff of Jefferson county on January 13, 1923, could, under any circumstances or conditions, be entitled to. receive the fee provided for in section 14 of the act approved September 25, 1915 (General Acts 1915, p. 557), for seizing liquors unlawfully held by any person.

By amendment to the Constitution of the state of Alabama, which was proclaimed ratified on November 16, 1912, the following was provided:

"The Legislature of Alabama may hereafter, from time to time, by general or local laws, fix, regulate and alter the costs, charges of courts, fees, commissions, allowances or salaries to be charged or received by any county officer of Jefferson county, including the method and basis of their compensation."

By virtue of this amendment, which freed Jefferson county from the yoke of section 96 of the state Constitution, the Legislature passed a local act (Local Acts 1915, p. 374) providing for placing county officers on a salary basis, and providing:

"That when this act goes into effect, the cost, charges of courts, fees and commissions now authorized by law to be collected and retained by the several officers of Jefferson county above named, shall continue to be collected, but shall be paid into the county treasury by the officer collecting the same, as other moneys belonging to the county are paid."

Sheriff's fees were included in "the fees, costs," etc., above referred to; the fees, costs, etc., above referred to were such as were provided for at the date of the passage and approval of said act, to wit, September 14, 1915.

On September 25, 1915, the Legislature passed, and the Governor approved, a general act, section 14 of which (General Acts 1915, p. 557) is as follows:

"That when an officer arrests any person in possession of an unlawful quantity or quantities of prohibited liquors, or of such liquors under conditions prohibited by law, then on the conviction of such party of a violation of a city ordinance or state law, whether in the recorder's court, or state court possessing jurisdiction, a fee for making the seizure of the liquors shall be taxed up against the defendant, and paid to such officer as a part of the costs of the case, as follows: If a seizure is made of not more than five gallons of such liquors, the fee shall be three dollars; if the seizure be of more than five gallons, and less than twenty gallons, the fee shall be five dollars; and if more than twenty gallons be seized, the fee shall be ten dollars."

It may be, as contended by counsel for appellant, that the Legislature in passing the said local act had in mind, among other things, the prevention of abuses which sometimes arise under a system of paying officers in fees earned by them; but, when several days later said general act for the enforce-

ment of prohibition was·passed, providing therein for the payment of this extra sum to the officer for arresting a person in the possession of prohibited liquor and seizing the liquor, it is our opinion that the Legislature had in mind the use, rather than the abuse, of the fee system, and rather enlarged upon the usual compensation allowed for labors of similar arduousness and danger. There is no constitutional provision which would prevent this provision of said section 14 from applying to Jefferson county, and since this act is subsequent to said local act, and since this allowance was evidently made as an inducement to activity on the part of officers in the enforcement of said prohibition law, we are of the opinion that it was the legislative intent that this provision of law should apply in Jefferson county as well as elsewhere. The said local act of 1915, required only the fees then authorized to be paid into the county treasury. The fee in question was not then authorized, but was subsequently authorized by said general act, which also provided that it should be paid over to the officer making the seizure. This view of the matter is fully sustained by the following case: Waldrop v. Henry, 207 Ala. 128, 92 South. 425.

Affirmed.

SAMFORD, J. (concurring). I concur in the conclusion affirming this case solely and alone by reason of the decision of the Supreme Court in Waldrop v. Henry, 207 Ala. 128, 92 South. 425. It is made mandatory by the statute creating the Court of Appeals that its decisions conform to the decisions of the Supreme Court.