30 So.2d 474

**JEFFERSON COUNTY v. DOCKERTY.**

6 Div. 567.

Supreme Court of Alabama.

May 14, 1947.

Frank M. Dixon, of Birmingham, for petitioner.

Harvey Deramus, of Birmingham, opposed.

FOSTER, Justice.

In this case the question is whether or not a deputy sheriff of Jefferson County, plaintiff in this suit, is entitled to recover of the county the fees as provided in section 129, title 29, Code, allowed an officer who arrests a person in possession of an unlawful quantity of prohibited liquor. It is not a controversy between the deputy sheriff on the one hand and the sheriff on the other. But if the fee so provided is one which the sheriff is entitled to receive, although the deputy made the arrest, the deputy sheriff in this case would not be entitled to recover it from the county.

The question is dependent upon the status of the deputy sheriff in Jefferson County, and the exact nature of the fee provided in section 129, supra.

We have previously had occasion to examine the law and make determination of the status of a deputy sheriff of Dallas County, with reference to the question of whether an amount provided by section 102, title 29, supra, which is in the nature of a reward, belongs to the deputy sheriff or the sheriff or the county. We held in the case of Mosely v. Kennedy, 245 Ala. 448, 17 So.2d 536, with reference to the status there existing that as between the deputy sheriff and the sheriff the reward so provided belonged to the sheriff; and we held in the case of Dallas County v. Kennedy, 246 Ala. 558, 21 So.2d 678, as well as in the case of Mosely v. Kennedy, supra, that the reward was to spur individual initiative and diligence, and that the statute did not limit the reward to an officer but to any person who furnished the evidence and brought about the conviction whether he was an officer or not. So we said that such a reward was not a fee, commission, allowance or other compensation provided by law for the sheriff, which he was required to cover into the county treasury under constitutional amendment XLVI. See Pocket Part title 1, section 16(1), Code. Therefore that the sheriff could retain the amount of such reward for his individual benefit.

Section 129 of title 29, Code, with which we are now dealing applicable throughout the State, relates to an officer who arrests a person in possession of an unlawful quantity of prohibited liquor, and provides a fee for making the seizure graduated by the amount of the property seized extending from three dollars to ten dollars.

Section 139, title 62 of the Code, a local law having application only to Jefferson County, codifying an Act of 1931, provides that all county officers shall pay into the county treasury all fees, costs, commissions and perquisites derived from said office, charged or collected by them by reason of any official act for the performance of any service in connection, directly or indirectly, with said office; and that the salary fixed by law shall be the sole and only compensation received by such officer for the performance of the duties of his office or for any act or service charged for by them, growing out of the performance of their official duties or connected with the operation or conduct of their respective offices.

Section 16, title 1, Code, makes the same provision as to all officials in counties and cities where they are paid on a salary instead of a fee basis.

In line with our authorities from early date, it was pointed out in Mosely v. Kennedy, supra, that in general the acts of a deputy sheriff are the acts of the sheriff, and that the deputy is the alter ego of the sheriff; that the sheriff is thereby acting through his deputy, and under the circumstances of that case the relationship of an employer and employee existed. There was an agreement between the sheriff and his deputy whereby the sheriff paid his deputy

twenty-five dollars in addition to the one hundred and twenty-five dollars paid by the county.

Jefferson County was the first county in the State to cause an amendment of section 96 of the Constitution whereby county officers would be authorized by law to be paid a salary instead of fees and costs. Amend. No. 2. The legislature proceeded to pass laws which put that amendment into effect: one of which was a local act approved September 14, 1915, providing for the salary of certain named county officers of Jefferson County, including the sheriff, and providing that the board of revenue is authorized to provide for deputies and to fix their compensation, but leaving the selection of the deputies to the officers under whom they were employed. Local Acts 1915, page 374. On September 10, 1915, the Legislature passed an act in the form of a general law applicable to counties having a population of 81,000 or more, especially with reference to the number and compensation of the deputy sheriffs, and providing among other things that the deputy sheriffs shall enter into bond in the penal sum of $2,000, and to be affected by the laws relating to official bonds in general; and that the sheriff of the county shall not be liable for the acts of his deputies unless he participates in such acts or orders the same, or that they are done with his knowledge or consent, and providing that all fees, compensation and charges of the sheriff shall be paid into the county treasury, as did also the local act of September 14, 1915. General Acts 1915, page 382.

Another act, general in form, applicable to counties of 200,000 or more, and in practically the same language as that of September 10, 1915, was adopted and approved August 2, 1923. General Acts 1923, page 93.

Further in line of putting into effect the amendment of section 96 of the Constitution in Jefferson County, the Legislature passed an Act approved July 10, 1931 (General Acts 1931, page 441), having application to counties of 300,000 or more. Said Act contained the provisions heretofore mentioned as being embraced in section 139, title 62, Code.

By an Act approved August 28, 1935, p. 691, the Legislature passed a civil service law applicable to counties of a certain population including Jefferson County. That civil service law has gone into the Code and is Chapter 12 of title 12 of the Code beginning with section 133. See, also, Act of July 6, 1945, page 376, title 62, section 330(21) et seq. Pocket Part.

It is contended that section 139, title 62, codifying the Act of 1931, supra, does not apply to deputy sheriffs of Jefferson County, and that they are not such county officers as are intended to be there described. It is said that the Act of 1931, and now that Code section, were intended to put into more effective operation the amendment to section 96 of the Constitution, putting county officers on a salary instead of a fee basis, and therefore that it was not intended to apply to a county officer who was then already on a salary basis, and received no fees or commissions for his services as authorized by law. But we think that contention is not controlling.

■ It may be assumed for the sake of argument that deputy sheriffs had continuously been on a salary basis, and that the method of compensating them was not affected by the constitutional amendment, nor by the various acts putting the amendment into effect. But the sheriff of Jefferson County is undoubtedly a county officer within the meaning of section 139, supra, and if the fee provided for in section 129, title 29, supra, for seizure of an unlawful quantity of prohibited liquor is compensation and belongs to the sheriff when the seizure is made by a deputy sheriff of Jefferson County that fee would undoubtedly pass on into the county treasury under section 139, supra. So that our inquiry relates to an analysis of the status of the deputy sheriff of Jefferson County in respect to the fee in question.

Under the Acts of September 10, 1915, and of August 2, 1923, the status of the deputy toward the sheriff was not in all respects the same as that of a deputy and the sheriff in Dallas County as described in Mosely v. Kennedy, supra. Under them the deputy made his own bond under the requirement of law, and the sheriff was not

responsible for the acts of the deputy unless the sheriff in some way participated in such acts. But even under that status the official conduct of the deputy, performing the duties enjoined by law upon the sheriff, acting in the name of the sheriff, bore the same significance as if it had been done by the sheriff, but it did not carry the same personal responsibility on the part of the sheriff as if done by him.

The General Act of 1915 relating to deputy sheriffs of Jefferson County was not brought forward in the Code of 1923, and under section 11 of that Code, Code 1940, Tit. 1, § 9, laws which were not brought forward were repealed thereby, but not including local, private and special laws, and also those of a general nature which then related to or could then apply to but one county. Therefore if the deputy sheriff act only applied at that time to Jefferson County, it was not repealed by being omitted from the Code of 1923. And the Act of August 2, 1923, was not required to be incorporated in the Code of 1923. Act of August 17, 1923, adopting the Code (page 127).

■ But those acts were not brought into the Code of 1940, where a different provision is made. Section 9, title 1, Code, does not save unrepealed those general laws not included in it when they then related to or could then apply to but one county, as was provided in the Code of 1923. See Fore v. Alabama State Bridge Corp., 242 Ala. 455, 6 So.2d 508. So that the Act of September 10, 1915, and of August 2, 1923, were not saved from repeal by the adoption of the Code of 1940, and therefore are not now operative.

It was not necessary in the case of Jones v. Bucklew, 247 Ala. 475, 25 So.2d 23, to trace the history of the Act of September 10, 1915, and determine whether it was operative. No question was raised about it, and therefore what is there said must be considered in the light of the necessities of that case.

The civil service act applicable to Jefferson County, above referred to, contains provisions which are here important with respect to the status of deputy sheriffs. Section 1 of that Act (section 133, title 12, Code) places all employees or appointees in the classified service unless specifically excepted. Section 2 of the Act (section 134, title 12, Code) places deputy sheriffs in the classified service (Yielding v. McCombs, 238 Ala. 635, 193 So. 169), and section 150 of title 12, Code, provides for filling vacancies in the classified service, so that the appointing authority shall make the appointment from a list of three ranking eligibles for the position. The sheriff is the appointing authority under the local act of September 14, 1915.

■ There are distinctions between the status of the deputy sheriffs of Jefferson County and deputy sheriffs under contract of employment in Dallas County, as considered in our cases, but it is perfectly clear in both cases that while the deputy sheriff is performing the duties enjoined by law upon the sheriff in his official capacity, the fees and compensation allowed by law for such service normally belong to the sheriff, and not to his deputy. Therefore if we find that the fee for seizing an unlawful quantity of prohibited liquor, as provided in section 129, supra, is a fee fixed by law as compensation for the performance of an official duty enjoined upon the sheriff, it would not belong to the deputy sheriff who performed the service, but would normally belong to the sheriff, and under section 139, title 62, Code, would go into the county treasury, and there remain. In our case of Dallas County v. Kennedy, supra, we fully recognized that, but we adhered to the conclusion in the case of Mosely v. Kennedy, supra, that the amount provided for under section 102, title 29, Code, was not a fee provided by law as compensation for the rendition of an official service by the sheriff. We there pointed out however that certain fees of the sheriff are provided in section 34 and section 100, title 11 of the Code. While in neither of those statutes is provision made for a fee for seizing an unlawful quantity of prohibited liquor, yet all fees and compensation for official services by the sheriff are not necessarily included in those two statutes.

■ On the assumption that the fees provided in section 129, supra, are for a reward, we are requested not to upset the

principle that a reward is personal to the one who earns it, and not official, and that rewards should continue to be so regarded. We are in full harmony with that theory. In Mosely v. Kennedy, supra, we held that a reward for conduct of the deputy sheriff belonged to the sheriff because in that case he was an employee of the sheriff, and his conduct was in the line and scope of his employment, for all of which the sheriff contributed to his compensation. We do not intend to say what would be the status of a reward as between the deputy and the sheriff of Jefferson County. That question is not here involved, and we neither express nor imply an opinion as to it. But what we hold is that when the deputy is performing the service for which section 129, supra, provides compensation to the officer rendering same, he is acting in the name of the sheriff and performing a duty imposed by law upon the sheriff (section 5 [4] and 11, title 54, Code), for which compensation is allowed. As to that form of service, he is the alter ego of the sheriff who is now presumably responsible officially for the illegal performance of same. We do not say that in all respects, considering the civil service act, he is the alter ego of the sheriff as in counties having no law touching that subject.

Our cases upon the subject relating to suits on official bonds of the deputy were affected by the Acts of September 10, 1915, and August 2, 1923, supra, not now in effect. Those acts placed all responsibility for his official conduct on the deputy and his bond. But being left out of the Code of 1940, there seems to be now no legislative authority for a deputy's bond, and the law puts responsibility back on the sheriff in at least some instances. The exact limits of that responsibility need not now be defined.

We are also considering this question in the light of the case of Jefferson County v. Sandefer, 19 Ala.App. 647, 100 So. 71. In that case the Court of Appeals said that what is now section 129, supra, thereby enlarged the usual compensation allowed for labors which were more arduous and dangerous, and it was held that the fee in question was due to the deputy sheriff under the view that it was not authorized at the time when it was required by law that

the fees of county officers be paid into the county treasury, and being subsequently provided by law it was not subject to that requirement. The contention that it belonged to the sheriff and not to his deputy was not discussed.

We are told that it has been the administrative practice until 1944 for the fee here in question to be paid to the deputy sheriffs of Jefferson County as manifested by the reports of the public examiners on file in the Governor's office, and that no objection had been raised to it. It is also suggested that the Act of 1931, page 441, section 139, title 62, Code, and the Act of 1943 Code, 1940, Tit. 1, § 16(1), in the same language as set out in the opinion of the Court of Appeals, were set up as subsequent enactments in order to meet the effect of that decision. But their terms are effective as they are set up.

It is contended with much emphasis that the administrative procedure to that effect through the years and sessions of the legislature passing laws in connection with the matter and those laws not in express terms providing that the fees here in question should not be paid to the deputy sheriffs should be treated as legislative approval of the implied holding in the Sandefer case, supra, and the administrative ruling that such fees should go to the deputy sheriffs.

But we cannot accord to administrative interpretation, now changed by the same authority, such effect contrary to the plain meaning of the law. The administrative interpretation is said now to be in accordance with our views. But if we adopt the implication of the Sandefer case, supra, that it was a fee intended for the deputy sheriff over and above his salary fixed by law for services he rendered as deputy sheriff, we would not say that the legislature did not intend by section 139, supra, subsequently enacted, for such fee to be passed on by him into the county treasury. Section 134(1), title 62, Pocket Part, Acts 1945, page 725.

The judgment of the Court of Appeals is affirmed.

Affirmed.

All the Justices concur.