507 P.2d 455

**Jack H. KARR et al., Plaintiffs-Appellees,**

v.

**Alfred M. (Red) DOW et al., Defendants-Appellants.**

**No. 987.**

Court of Appeals of New Mexico.

Jan. 26, 1973.

Certiorari Denied March 2, 1973.

ment against Williams in that state. Subsequently, plaintiffs sued Williams in New Mexico. The suit was based on the Michigan judgment. Summary judgment was entered in favor of Williams in New Mexico on the basis that no service had been made on Williams in the Michigan suit. Purported service in the Michigan suit had been made by defendant Lopez.

Plaintiffs then sued Lopez, Sheriff Dow and the Sheriff's bonding company alleging Lopez had made a false return of service in the Michigan case and that by the time the false return was discovered the Statute of Limitations had run on their Michigan claim against Williams. Plaintiffs sought damages against Lopez, Dow and the bonding company for the amount of the Michigan judgment lost because of the false return of service. Judgment was obtained against all defendants. Dow and the bonding company appeal; Lopez did not appeal.

In 1968, Lopez served as a deputy under Sheriff Wilson. Under Sheriff Wilson, he served papers which came to the Sheriff's office for service. There is evidence that Sheriff Wilson approved of this practice.

In August, 1968 summons and complaint in the Michigan case were sent to the Sheriff's office with the request that they be served on Williams. Lopez obtained these papers through the Sheriff's office but was unable to make service. Lopez' letter, in September, 1968, which named his charge for the attempted service, identifies Lopez both as a process server and a deputy sheriff. The address used by Lopez in this letter was in fact his home address but there is nothing in the letter to indicate this was not the address of the Sheriff's office to whom the papers had been originally sent. The fee for the attempted service was sent to Deputy Sheriff Lopez.

In January, 1969 the Michigan attorneys sent papers for service on Williams, giving a new address for Williams. These papers were sent to Deputy Sheriff Lopez at his home address. Lopez, by letter, indicated he had served Williams on January 13,

James Brandenburg, Dist. Atty., William J. Bingham, Asst. Dist. Atty., Vance Mauney, Sp. Asst. Dist. Atty., Albuquerque, for appellants.

William K. Stratvert, Keleher & McLeod, Albuquerque, for appellees.

## OPINION

WOOD, Chief Judge.

The appeal concerns the liability of a Sheriff for the wrongful act of his deputy.

After an automobile accident in Michigan, plaintiffs sued and recovered judg-

1969. Neither the letter, nor the return of service executed by Lopez, identifies him as a deputy sheriff. The return is made by Lopez as "a person of suitable age and discretion." See § 21–1–1(4)(e)(1) and (4)(m), N.M.S.A.1953 (Repl.Vol. 4). The letter, which sets forth Lopez' charges for the service, identifies Lopez as a process server. The reply from Michigan, enclosing payment for the charge, is addressed to Lopez as a process server.

It was the purported service on January 13, 1969 which was determined to be false. Dow had succeeded Wilson as Sheriff on January 1, 1969. Lopez was a deputy sheriff under Dow at the time of the false service.

The findings and conclusions of the trial court indicate four possible theories for holding Sheriff Dow and his bonding company liable for the false return of service by Lopez. They are: principal-agent; master-servant; Lopez' action was by virtue of his office; Lopez was acting under color of his office.

New Mexico has no statute setting forth the liability of the Sheriff for the acts of his deputy. Accordingly, we look to the common law for the basis of that liability. Because of the numerous decisions and the variations in stating the common law rule, we do not cite individual cases. Numerous decisions are listed in the general authority which we cite. The general authority is to the effect that liability is not based on any principal-agent or master-servant concept; rather, the Sheriff has been held liable for the actions of his deputy undertaken by virtue of the deputy's office [in which the Sheriff placed the deputy, see § 15–40–9, N.M.S.A.1953 (Repl.Vol. 3)], or because the deputy acted under color of office, or on either of these grounds. Annot. 15 A.L.R. 3d 1189, § 2 at 1191 (1967); Annot. 116 A.L.R. 1070 (1938); 47 Am.Jur. Sheriffs, Police, and Constables § 158 (1943); 80 C.J.S. Sheriffs and Constables § 55 (1953).

The distinction between "virtue of office" and "color of office" is explained in 1 Anderson on Sheriffs § 48 (1941). Acts

done by virtue of office are those within the authority of the officer when properly performed but which are performed improperly. Acts done under color of the office are those which are outside or beyond the authority conferred by the office. As to the distinction between these concepts, Anderson, supra, § 62, states: ". . . What constitutes acting by virtue of office and under color of office is divisible by a line of fine distinction. . . ." Anderson, supra, § 62, states there is substantial authority for restricting the liability of the Sheriff to acts of his deputies done by virtue of office, but also states that the weight of authority ". . . seems to be now that the sheriff is liable not only for acts virtute officii but also for acts colore officii. . . ."

▮ We do not choose between these concepts because it is unnecessary to do so in this case. We proceed on the assumption that Sheriff Dow is liable for wrongful acts of Deputy Lopez if those acts were done either by virtue of the office of deputy or under color of that office. Proceeding on that assumption, we do not reach the contention, of Dow and the bonding company, that under modern authority the liability of a Sheriff for the wrongs of his deputy is less than under the common law.

▮ If Dow is to be liable because Lopez' false return was by virtue of Lopez being Dow's deputy, the judgment is wrong. The unchallenged finding of the trial court is that Lopez' position was that of a patrol officer in the criminal division of the Sheriff's office. The evidence is uncontradicted that patrol officers had not been authorized to serve civil process. The trial court found that Dow had verbally ordered that legal papers in civil actions were to be served by officers in the civil division and not to be served by patrol officers in the criminal division. In so finding, the trial court added ". . . but it is undetermined whether this order was given before or after January 13, 1969." This addition does not aid the

plaintiffs for they had the burden of establishing that service of civil process was within the authority of Deputy Lopez. See § 15–40–11, N.M.S.A.1953 (Repl.Vol. 3); Novak v. Dow, 82 N.M. 30, 474 P.2d 712 (Ct.App.1970).

■ There is no evidence that service of civil process was within Lopez' authority as a deputy under Dow. Lopez himself did not claim such authority; he assumed he could do so because that was the practice under Sheriff Wilson. Such an assumption is insufficient to support a determination that Lopez had authority to serve civil process under Dow.

The remaining basis for liability is that Lopez acted under color of his office as deputy. Seemingly, this was the principal basis of the trial court's decision. There are findings to the following effect: (a) No distinction was ever made to plaintiffs between the function of Lopez as process server and deputy sheriff. (b) Plaintiffs were led to believe they were dealing with the Sheriff's office and with Lopez in his official capacity as deputy sheriff. The evidence and inferences therefrom do not support these findings insofar as Dow is concerned. The absence of a distinction between process server and deputy sheriff occurred under Sheriff Wilson. Plaintiffs were led to believe they were dealing with the Sheriff's office and Lopez in his official capacity as deputy sheriff when Wilson was Sheriff. These findings are not based on events which occurred when Dow was Sheriff.

The trial court also found that Lopez acted under color of his office. The finding has no support in the evidence insofar as Dow is concerned.

The actions of Lopez in connection with the false return were identified as being in the capacity as process server; these were his letter charging for the false return; and the false return itself. Plaintiffs paid Lopez as a process server. The "color of office" action by Lopez occurred under Wilson; there is no evidence that Lopez' action in connection with the false return

of service was under the color of his office as deputy under Sheriff Dow.

■ Lopez made a false return while Dow's deputy. This wrong is not chargeable to Dow either on the theory that Lopez acted by virtue of his office or under color of his office because plaintiffs did not prove that service of civil process was within Lopez' authority as Dow's deputy, and the purported service was not made under the color of the office of deputy sheriff under Dow. Dow is not to be held liable for "virtue of office" or "color of office" acts of a deputy sheriff, unless those acts occurred under him. See Barden v. Douglass, 71 Me. 400 (1880); Anderson, supra, § 64. Since Dow is not liable, his bonding company is not liable.

The judgment against Dow and Maryland Casualty Company is reversed. The cause is remanded with instructions to enter a new judgment consistent with this opinion.

It is so ordered.

HENDLEY, J., concurs.

SUTIN, J., (dissents).

SUTIN, Judge (dissenting).

It is a sad commentary in these days to make the innocent public suffer for the wrongful act of a deputy sheriff.

The sheriff is a public officer elected by the people. Section 15–40–1, N.M.S.A.1953 (Repl. Vol. 3). In addition to being a conservator of the peace within the county, § 15–40–2, supra, he is authorized to serve summons and copy of complaint with proof thereof by certificate. Section 21–1–1(4)(e)(1), N.M.S.A.1953 (Repl. Vol. 4). To protect the public, he must give an official bond conditioned for the faithful performance of his duties. Section 5–1–13, N.M.S.A.1953 (Repl. Vol. 2, Supp.1971). He has the power to appoint deputies, § 15–40–9, supra, and deputies are authorized to discharge all the duties which belong to the office of the sheriff. Section 15–40–11, supra.

The deputy is the alter ego of the sheriff. Jefferson County v. Dockerty, 33 Ala.App. 30, 30 So.2d 469, aff. 249 Ala. 196, 30 So.2d 474 (1947). The sheriff has a duty to exercise reasonable care in the selection of his deputies, and, if the deputy acts in the performance of his duties and damages an innocent party to a lawsuit, he acts in virtue of his office, and the sheriff is liable. The sheriff's lack of knowledge is immaterial. Miles v. Wright, 22 Ariz. 73, 194 P. 88, 12 A.L.R. 970 (1920).

The sheriff has no power to limit the authority of a general deputy. The deputy acts in the *private service of the sheriff* and is only a public officer through him. The sheriff is liable for the deputy's acts as if they had been done by himself. Michel v. Smith, 188 Cal. 199, 205 P. 113 (1922); Lewis v. Brautigam, 227 F.2d 124 (5th Cir. 1955).

The sheriff and his deputy cannot have secret understandings that the deputy shall serve in the criminal instead of the civil division to save face with the public. All such efforts are abortive, and all understandings between them are void. The public has the right to assume that the deputy has all the powers incident to the office of the sheriff. The public has the right to require of him the exercise of those powers in its behalf. If the deputy acts wrongfully by failing to serve a summons and complaint, Rogers v. Carroll, 111 Ala. 610, 20 So. 602 (1895); see, Walker v. Robbins, 14 Howard (U.S.) 584, 14 L. Ed. 552 (1852), or where the deputy's return of a writ is false, Clough v. Monroe, 34 N.H. 381 (1857), the sheriff is civilly liable.

In New Mexico, sureties are liable for wrongful acts done virtute officii or colore officii because "the public interests will be more surely protected . . . by the establishment of such rule." The distinction was quoted from an Oregon case in State v. Roy, 41 N.M. 308, 314, 68 P.2d 162, 165 (1937), as follows:

" . . . Acts done virtute officii are where they are within the authority of the officer, but in doing it he exercises that authority improperly, or abuses the confidence which the law reposes in him, whilst acts done colore officii are where they are of such a nature that his office gives him no authority to do them."

Dow was sheriff on January 1, 1969, and Lopez was a deputy sheriff under Dow at the time of the false service. On January 8, 1969, plaintiff's attorney mailed two summonses and a complaint to Lopez *as deputy sheriff*, and requested he serve them, but service was never made by Lopez or anyone else, to the damage of plaintiff. Plaintiff has a right to assume Lopez had the power to serve the summons and complaint, and the right to require of him the exercise of that power on plaintiff's behalf. Lopez stands in the shoes of Dow. It makes no difference that Lopez exercised his authority improperly or the sheriff gave him no authority to serve the summons and complaint. If Dow had made a false return, no question of his liability would have arisen. Unquestionably Dow is liable for the wrongful conduct of Lopez.

We should not be concerned whether Lopez was a patrol officer in the criminal division or a process server. Plaintiff and the public did not know that fact. By what right can a sheriff privately designate a general deputy to look solely for stolen chickens and yet be free of liability for all wrongful acts committed by the deputy in the discharge of all the duties belonging to the sheriff? Under Health Protection, §§ 12–3–1 to 12–3–40, N.M.S. A.1953 (Repl.Vol. 3), if the sheriff sent a deputy who was a process server to preserve the health of the public, and the deputy falsely reported he performed to the injury of a person or the public, should the sheriff be granted freedom from liability? Of course not. Other statutory examples can be given.

The rule adopted in the majority opinion would condemn the letter and spirit of the statutes. It would penalize the public for the wrongful acts of a public servant.

This case should be affirmed.