MADDOX, Justice
(dissenting).
The majority concludes that “[bjecause the subject matter of the compensation of the officers was already provided for in Act No. 248, a general law, the legislature had no authority to pass a local act involving the same subject,” and that Act No. 88-897 is unconstitutional because, “specifically, it violates § 105 of the Alabama Constitution of 1901.”
Upon the adoption of the Constitution of 1901, of course, the legislature was powerless to “enact any law not applicable to all the counties in the state, regulating costs and charges of courts, or fees, commissions or allowances of public officers,”[3] but Amendment No. 2, which is applicable specifically to Jefferson County, provides:
“The legislature of Alabama may hereafter, from time to time, by general or local laws, fix, regulate and alter the costs, charges of courts, fees, commissions, allowances or salaries to be charged or received by any county officer of Jefferson county, including the method and basis of their compensation.” (Emphasis added.)
Prior to the adoption of this Amendment, of course, the legislature was confronted with the prohibitions and limitations contained in § 96 of the Constitution, Jefferson County v. Dockerty, 249 Ala. 196, 30 So.2d 474 (1947), but Amendment No. 2 removed many of the limitations and restrictions relating to such things as increasing or decreasing the salary of an officer, Belcher v. McKinney, 333 So.2d 136 (Ala.1976); and general legislation, intended to establish a uniform system of compensation of public officers pursuant to the provisions of § 96 of the Constitution, has no application to Jefferson County by reason of Amendment 2 to the Constitution. Osborn v. Henry, 200 Ala. 353, 76 So. 119 (1917).
I am of the opinion that Amendment No. 2 granted to the legislature specific power to adopt and pass Act 88-897; therefore, I am constrained to dissent.
The majority determines that it is not necessary to address the argument that Act 88-897 violates the provisions of the so-called “Budget Isolation Amendment,” Amendment No. 448 to the Constitution, but that was one of the main arguments of the appellants and was one of the issues that the trial court determined adversely to the appéllants.
In my judgment, there is absolutely no question that Act 88-897, passed during a special session of the legislature, would not be controlled by the provisions of the so-called Budget Isolation Amendment.
It seems to me, as it did to the circuit court, that Amendment No. 448, by its plain terms, applies only to “regular sessions.” The Amendment provides:
“ ‘Basic appropriations’ means, with respect to any regular session of the legislature, such appropriations as the legislature may deem appropriate for the expenditures by the state during the ensuing budget period for the ordinary expenses of the executive, legislative and judicial departments of the state, for payment of the public debt, and for education _” (Emphasis added.)
Paragraph B of the Amendment reads as follows:
“(B) On or before the second legislative day of each regular session of the legislature, beginning with the first regular session after January 1, 1983, the governor shall transmit to the legislature for its consideration a proposed budget for the then next ensuing budget period.” (Emphasis added.)
*898 Paragraph C of the Amendment reads as follows:
“(C) The duty of the legislature at any regular session to make the basic appropriations for any budget period that will commence before the first day of any succeeding regular session shall be paramount; and, accordingly, beginning with the first regular session held after January 1, 1983, no bill (other than a bill making any of the basic appropriations) shall be signed by either the presiding officer of the house or senate and transmitted to the other house until bills making the basic appropriations for the then ensuing budget period shall have been signed by the presiding officer of each house of the legislature in accordance with Section 66 of this Constitution and presented to the governor in accordance with Section 125 of this Constitution; provided, that this paragraph (C) shall not affect the adoption of resolutions or the conduct of any other legislative functions that do not require a third reading; and provided further, that following adoption, by vote of either house of not less than three-fifths of a quorum present, of a resolution declaring that the provisions of this paragraph (C) shall not be applicable in that house to a particular bill, which shall be specified in said resolution by number and title, the bill so specified may proceed to final passage therein.” (Emphasis added.)

. Section 96, Constitution of Alabama, 1901.