(111 So. 10)

STATE v. ONE FIVE-PASSENGER FORD, LICENSE NO. 14837. (6 Div. 758.)

(Supreme Court of Alabama. Jan. 13, 1927.)

Receivers ⬅196—Custodian of automobile, pending sale for use in transporting spirituous liquors, held receiver, entitled to compensation, though register of court appointing him.

Register of court, appointed custodian of automobile pending its sale for use in unlawful transportation of spirituous liquors, *held* a receiver, and entitled to compensation.

Appeal from Circuit Court, Jefferson County; W. M. Walker, Judge.

Proceeding by the State to condemn one Five-Passenger Ford, License No. 14837. Hunter Armstrong petitions in equity for allowance of compensation as custodian of the automobile. From a decree for petitioner, the State appeals. Affirmed.

Harwell G. Davis, Atty. Gen., and Robt. G. Tate, Asst. Atty. Gen., for the State.

The decree is erroneous, in that the Prohibition Act imposes no extra duties upon the register. Acts 1919, p. 13; Code 1923, § 4778. Any fees of the register for services rendered in chancery causes are to be paid into the county treasury. Local Acts 1915, p. 374; Armstrong v. Jefferson County, 208 Ala. 645, 95 So. 39. The register may not serve in two capacities. Constitution 1901, § 281; Code 1923, § 2575.

Clarence Mullins, of Birmingham, for appellee.

The court had the right to appoint appellee as custodian and to fix his compensation for the extra services imposed. Code 1923,

─────────

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 216.

§§ 4779, 4782, 4284; Magee v. Cowperthwaite, 10 Ala. 966.

SAYRE, J. By the decree in this case Hunter Armstrong, Esq., was allowed compensation for his services rendered as custodian of one Ford automobile, after its seizure by officers of the law because it had been used in the unlawful transportation of spirituous liquors, and pending the decree directing its sale. Armstrong was and is register of the court passing the decree, and doubtless that fact suggested his appointment as custodian; but his appointment was in no way dependent upon that fact. It was within the authority of the court to appoint any one else. It results, in our judgment, that the compensation awarded to Armstrong, who is the real appellee in this case, had no necessary connection with the fact that he was register for the court, and is unaffected by legislation fixing the salary of the register in chancery for Jefferson county, or by the decision in Armstrong v. Jefferson County, 208 Ala. 645, 95 So. 39, or Waldrop v. Henry, 207 Ala. 128, 92 So. 425. Armstrong was in every essential particular a receiver appointed by the court, and the power of the court to award him compensation for his services in that relation is not doubted. Magee v. Cowperthwaite, 10 Ala. 966.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.